## JAMES K. SCHMICK v. N. W. NOEL.

(Case No. 5537.)

1. STATUTE CONSTRUED — DEPOSITIONS — WITNESS.— Article 2234, Revised Statutes, if not repealed by the act of April 21, 1879 (Gen. Laws, p. 126), was expressly repealed by the act of March 9, 1881 (Gen. Laws, p. 18). The fact that a witness whose deposition has been taken is present on the trial furnishes no reason why his deposition should not be read in evidence.

2. WITNESS — EVIDENCE — PRACTICE.— Though it is irregular to read the deposition of a witness after he has been examined orally, it is but in effect recalling the witness, which in a proper case the trial court may permit. The discretion of the court in allowing a deposition to be read, under such circumstances, will not afford cause for reversal unless it be made to appear that the discretion of the court has been abused to the prejudice of the complaining party.

3. DECLARATIONS — EVIDENCE.— In a suit involving the question of fraud in the sale of goods as between the vendee and third parties, the declarations of the vendor, made after their sale and delivery, and when the vendee was not present, are not admissible in evidence, except for the purpose of impeaching the vendor as a witness and after a proper predicate has been laid.

4. DISCONTINUANCE — STATUTES CONSTRUED.— The Revised Statutes, art. 1259, which authorize the discontinuance of a suit as to a defendant who has been served with process, and who has answered, is permissive only, and such discontinuance may be refused by the district judge whenever it will operate to the prejudice of the party as to whom it is sought.

5. DISCONTINUANCE — JUDGMENT — PRINCIPAL AND SURETY.— No discontinuance as to the sureties on a sheriff's bond can be entered in the supreme court by one who had recovered judgment against both them and the sheriff, as well as the attaching creditors who had indemnified the sheriff for seizing property under attachment claimed by the plaintiff, when, by the terms of the judgment appealed from, it was provided that if the sureties should pay the debt they should be entitled to execution over against their principal, the sheriff, for the amount paid by them.

6. SAME.— The statute authorizing the discontinuance of an action as to parties served has application to practice in the district court only.

APPEAL from Eastland. Tried below before the Hon. T. B. Wheeler.

The opinion states the case, except so much as relates to the witness Simerl. The fact was sought to be established by that witness that the plaintiff had secreted himself to avoid the service of process to take his answers to interrogatories. It appears from the record that defendants had offered to prove that the plaintiff had locked himself up in a room of his boarding house to avoid the service of process to take his depositions in answer to interrogatories propounded to him by defendant, Simerl being the officer seeking to make service.

The court below gave this reason for excluding the evidence:

"The plaintiff ran as a messenger on the train, and was in the habit of sleeping in his room in the day-time; that the depositions were in fact taken and read, and that the plaintiff was on the witness stand and testified." The record is quite voluminous, involving much which, in view of the opinion, need not be referred to.

*Fleming, Moore & Maloney*, on the right to read the interrogatories of a party, after examining him orally, cited: R. S., arts. 2239 *et seq.;* Elliot *v.* Mitchell, 28 Tex., 111; Boetege *v.* Landa, 22 Tex., 108; Norvell *v.* Oury, 13 Tex., 31; Harris *v.* Leavitt, 16 Tex., 343; The Samuel, 1 Wheat., 9; Weed *v.* McKellogg, 6 McLean, 44; Bowie *v.* Talbott, 1 Cranch, C. C., 24; Sexton *v.* Brock, 15 Ark., 345; Phillips, Ev. (5th Am. ed. by Cowen & Hill), vol. 2, p. 731, note 570.

On the admissibility of the declarations of the vendor, they cited: Garahy *v.* Bayley, 25 Tex. Sup., 303; Miller *v.* Jannett, 63 Tex., 82; Bump on Fraudulent Conveyances, pp. 548, 549.

*Alexander & Winter*, for appellee, on the right to read the interrogatories to plaintiff, cited: R. S., 2234, 2239; Gen. Laws 16th Leg., p. 126; Gen. Laws of 17th Legislature, p. 18.

On the admissibility of the vendor's declarations, they cited: Garahy *v.* Bayley, 25 Tex. Sup., 301; Ayres *v.* Duprey, 27 Tex., 599; Miller *v.* Jannet, 5 Tex. L. Rev., 130; Bump, Fraud. Convey., pp. 566–568.

That the erroneous judgment against the sureties of the sheriff could be cured by a discontinuance of the cause as to them, they cited: R. S., arts. 1351 to 1357, inclusive, pp. 211, 212; Foster *v.* Van Norman, 1 Tex., 638; Chrisman *v.* Davenport, 21 Tex., 484; Chandler *v.* Tanner, 20 Tex., 1; Saffold *v.* Navarro, 15 Tex., 77.

STAYTON, ASSOCIATE JUSTICE.— N. W. Noel brought suit the 7th of December, 1884, against James K. Schmick, sheriff of Eastland county, and his sureties, for $3,000, for the wrongful conversion of his goods. January 8, 1884, defendants answered, the cause was continued, and, at the June term thereafter, T. Ratto & Co., of Galveston, and Thomas Randall & Nephews, of Dallas, by permission of the court, intervened as defendants, filing an answer substantially the same as the original defendants. The answers consist of general and special demurrers, general denial, and a plea justifying the seizure of said goods by reason of attachments against J. H. Wood, plaintiff's vendor, in favor of intervenors, charging that plaintiff's

title was fraudulently obtained, and void as to Wood's creditors. At the same term the court rendered judgment in favor of plaintiff for $1,900, with interest, etc., in accordance with the verdict, from which defendants appeal.

The defendants filed interrogatories to the plaintiff, which were answered, and, on the trial, the plaintiff testified in the cause, after which his answers to the interrogatories were read, the defendants objecting thereto.

That the witness was present furnished no reason why his deposition might not be read, for art. 2234, R. S., if not repealed by the act of April 21, 1879 (General Laws, p. 126), was expressly repealed by the act of March 9, 1881 (Gen. Laws, p. 18).

It was an irregularity to call the witness, and after he had testified to read his deposition; but it was, in effect, but the recalling of the witness, which, in a proper case, the trial court may permit.

These matters of practice rest largely in the discretion of the trial court, and a judgment cannot be reversed for a ruling in respect thereto, in any case, unless it is made to appear that the discretion has been abused in such way as to prejudice the case of the party complaining. No such case is shown by the record before us.

That the declarations of Wood, the vendor of the appellee, made after he had parted with his title to the goods, and when the appellee was not present, were not admissible, is too clear for controversy.

There was no predicate laid for the purpose of using any declaration which Wood may have made in reference to the purpose of his sale to the appellee, in order to impeach his credibility. This is the only purpose for which such declarations could be used.

Cases cited in brief of counsel were cases in which the evidence, after proper predicate was laid, was offered for the purpose of impeaching the credibility of a witness.

The court correctly excluded the testimony of the witness Simerl.

The charge of the court, taken altogether, presented the case very fairly to the jury in so far as the right of the appellants was involved, and there is no reason to believe that the jury were misled thereby in any respect hurtful to them.

Judgment was rendered in favor of the plaintiff against James K. Schmick and the sureties on his official bond as sheriff, and against the persons comprising the firms of Randall & Nephews and T. Ratto & Co.

It was further adjudged that the sheriff and his sureties have and recover from Randall & Nephews and Ratto & Co., such sum as

they, or either of them, may pay under the judgment rendered against them all, and that they have execution for the same.

It was further adjudged that the sureties of the sheriff, or such of them as might pay the judgment, should have execution against their principal for such sum as any of them might pay on the judgment against all.

The sheriff's official bond was made the basis of the action, but it was not offered in evidence, and the insufficiency of the evidence in this respect is made the basis for an assignment of error which calls in question the sufficiency of the evidence to sustain the judgment rendered.

To avoid the effect of the failure of the appellee to offer in evidence the sheriff's bond, he filed in the court below, long after the appeal was perfected, a paper through which he sought to discontinue as to the sureties on the sheriff's bond, and to release them from liability under the judgment rendered; and through the brief of his counsel here he proposes to do the same, and to submit to such conditions as this court may impose if the judgment be affirmed as to all others than the sureties on the sheriff's bond.

Judgments have frequently been reformed in this court upon the entry of a *remittitur*, but that is not what is asked in this case.

The prayer is, in effect, that the appellee be permitted to enter a discontinuance in this court as to some of the parties who were made parties and who made defense in the court below.

Under the statute a plaintiff may discontinue in the district court, as a matter of right, as to any defendant who has not been served, subject to certain exceptions; but after such discontinuance he may proceed against the same person as to whom the discontinuance has been entered, by another suit based on the same cause of action. R. S., 1256, 1257.

A plaintiff may discontinue by a proper entry, made in vacation, in any suit in which the defendant has not filed an answer, on payment of costs.   R. S., 1258.

The district courts *may permit* the plaintiff to discontinue his suit as to one or more of several defendants who may have been served with process or who may have answered, subject to certain exceptions which are pointed out by the statute.   R. S., 1259, 1260.

The right to discontinue in the last case mentioned, even in the district court, is only permissive, and may be refused, by the court, if it will operate to the prejudice of the party as to whom the discontinuance is sought.

If a discontinuance can be entered in this court, in any case, as

to a defendant who, with others, has made defense in the court below, and has prosecuted an appeal, a question which it is not necessary in this case to determine, it certainly ought not to be permitted in a case in which such a defendant may be directly or indirectly injuriously affected thereby.

In the case before us, the judgment recognizes the fact that while there may be a primary liability of all the appellants to the appellee, yet, that as between the appellees there are different degrees of liability.

Randall & Nephews and Ratto & Co. are adjudged to be liable to the sheriff and the sureties on his bond in case they pay such judgment as may be rendered against all.

This liability arises from the fact that the sheriff received indemnity bonds from them before he made the seizure of the goods, which is the matter alleged as constituting the breach of the sheriff's bond. This claim is urged against the two firms in the answer filed by the sureties as well as the sheriff. The liability of the sheriff to such of his sureties as may pay part or all of the judgment is also recognized.

All the parties are now before the court who are necessary parties to the adjustment of every right as between themselves, and when sureties are concerned, it is of the utmost importance that this should be done in the pending cause to avoid a multiplicity of suits.

If the discontinuance as to the sureties could be entered here, we apprehend that the effect of such course would be to leave the original cause of action standing against them, as in case of discontinuance in the district court, and that another suit might be filed against them; and in such case they would be driven (should they pay a judgment rendered against them) to an action against the sheriff and those who are liable to him for reimbursement; for no execution could issue against such persons in favor of the sureties under a judgment to which they were not parties, even though their liability to the appellee was established in the cause now before us.

Thus would the sureties be injuriously affected by being driven to an action in which they would necessarily incur expense, in addition to that incurred in this cause, for which costs that could be allowed would not reimburse them.

The appellee has elected to bring them before the court in the present cause; every right of every person, a party to the action, may be adjusted in the case now pending, and we are of the opinion that a due regard for the rights of all parties defendant requires that this should be done.

It is not to be inferred from the statute that it was ever contemplated that discontinuances might be entered in this court; the right to discontinue in the district court is expressly recognized, and it would seem but proper that parties who desire to exercise that right, in a proper case, should there avail themselves of it; and the appellee in this cause not having done so, the record not showing that he was entitled to the judgment rendered, it will be reversed and the cause remanded.

It is so ordered.

REVERSED AND REMANDED.

[Opinion delivered June 19, 1885.]