Weldon, J.,
delivered the opinion of the court:
On April 19,1899, the claimant filed a petition against the United States as defendants, in which it is in substance alleged, that claimant is a corporation created and existing under the laws of the State of West Virginia; .that its principal place of business is in the city of New York; and that it has always borne true faith and allegiance to the United States.
In the second paragraph it is alleged that Congress, cn June 3,1896, by the act known as the. river and harbor act, authorized, among other public works, the following:
“ Improving Cumberland Sound, Georgia: Continuing improvement, $5,000: Provided, That contracts may be entered into by the Secretary of War for such material and work as may be necessary to complete the present project, to be paid for as appropriations may from time to time be made by law, not to exceed, in the aggregate two million three hundred and forty-five thousand dollars, exclusive of amount herein and heretofore appropriated.”
It is further alleged, that in response to advertisements of the defendants, signed by O. M. Carter, captain Corps of Engineers, United States Army, inviting proposals for the improvement of Cumberland Sound, the company submitted proposals for said work, which proposals were accepted; and *32 that in pursuance thereof a contract was, on the 8th of October, 1896, entered into, signed by O. M. Carter in behalf of the United States, and the company by its president, which contract was duly approved by the Acting Chief of the Engineers of the United States; that as soon as practicable the company entered upon the execution of said contract and continued the same until October 9, 1897, at which time there became due the company the sum of $200,000,over and above the payment made to the company; that, notwithstanding Congress, on the 1st day of July, 1898, appropriated the further sum of $450,000 for said improvement, the defendants have refused to pay the sum due for work done prior to the 9th of October, 1897, and that the petitioner has been, and is now, ready to resume work upon the payment of moneys due.
On the 24th of October, ’ 1899, the claimant filed in the clerk’s office a motion to discontinue the suit as follows:
“Now comes the Atlantic Contracting Company, claimant, pursuant to the eighty-sixth rule of the Rules of Practice of this honorable court, and representing to the court that the above-entitled clause is pending on the general traverse filed by the defendant and that no plea of fraud or set-off has been filed therein, moves this court for leave to discontinue its suit.”
Upon which the following indorsement was made by the Assistant Attorney-General: “I desire to contest this motion.”
By order of the Chief Justice, said motion was ordered to the law calendar for oral argument.
Before the filing of said motion the defendants had served a notice on the attorneys for the claimant to take depositions in the city of New York, and on the 31st day of October, 1899, the following order was made by the court:
‘‘ Ordered, That the argument on the claimant’s motion for leave to discontinue be postponed until Monday, 6th of Novem ber, proximo; and that all proceedings in relation to the examination of witnesses be stayed until further order of the court.” '
And thereafter the argument on said motion was continued until the 20th of November, at which time the parties were heard for and against the motion to discontinue.
The defendants have not filed a plea or answer, but have appeared in the person of the Assistant Attorney-General, for *33 the purpose of objecting to the allowance of the motion of the claimant to discontinue the cause, upon the ground that the defendants want the rig'ht reserved to them to file, if so desired, a plea of fraud or counterclaim.
There is no pleading or statement of record disclosing to the consideration of the court the reasons upon which the defendants predicate their objections to the allowance of the motion, except'the .statement of counsel that, dependent upon future disclosures, it may be necessary for the defendants, in order to preserve and protect their rights, to set up bjr way of defense an alleged fraud in the matter of the claim,or counterclaim showing an indebtedness to the United States.
The reasons assigned why such pleas have not been entered are, first, that the defendants are not yet prepared to allege them fully and properly, and second, that they are not required to do so at this point of the proceeding — citing the twenty-seventh rule of this court in support of the last contention. The condition of the record is no fault of the Assistant Attorney-General, as-he has exercised due diligence in the matter, under the circumstances of the case.
It is contended on the part of the plaintiffs that the right to discontinue the cause in the state of record is a matter of legal right, and that the court has no discretion in the matter; and upon the part of the defendants, that it is a matter addressed to the sound judicial discretion of the court and should, under the circumstances, be exercised in the disallowance of the motion.
Under section 1059, Revised Statutes, as under the act of March, 1887, entitled “An act to provide for the bringing of suits against the Government of the United States” (1 Supp. Rev. Stat., second edition, 559), it is, in substance, provided: That, in connection with the jurisdiction of this court of demands against the United States, such jurisdiction shall extend to all set-offs, counterclaims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the Government of the United States against any claimant.
When, therefore, a claimant seeks the jurisdiction of this court for a judicial determination of his rights against the United States, he is subjected to the jurisdiction of the court *34 in the decision and determination of whatever claims the United States may have against him which can be properly pleaded by way of set-off, counterclaim, or claim for damages.
In connection with the subject of discontinuance, this court has provided, in rule 86, “Where fraud or set-off is pleaded the claimant shall not have the right to discontinue his suit. In other cases he may do so cither in open court or with the approval of a judge in chambers.”
The rights of the parties must be adjudicated upon the basis of the record as it existed at the time the claimant filed its motion to discontinue further proceedings. The motion is entitled to be considered upon its legal merits as they existed at the time it was filed, and in that view of the case it is not necessary to discuss the effect of filing a plea of fraud or counterclaim or an application to file such plea. Set-off and counterclaims are the creations of statutes and are governed by rules not incident to the common law.
The difference in the contention of the claimant and the defendants is that the one insists upon the allowance of the motion as a strict legal right, while the others insist that the motion should be overruled in the exercise of a sound discretion.
In the case of the Chicago and Alton R. R. Co. v. Union Rolling Mill (109 U. S. R., 714), the Supreme Court has cited, with approval, what was said in the case of O’ Connor v. Drake (1 Ohio St., 110), “After a defendant has been put to trouble in making his defense, if in the progress of the case rights have been manifested that he is entitled to claim and which are valuable to him, it would be unjust to deprive him of them merely because the complainant might come to the conclusion that it would be for his interest to dismiss the bill.”
Upon the question of the right of a plaintiff to discontinue the suit, the Supreme Court, in the case of Pullman's Car Company v. Transportation Company (171 U. S., 138), has held in substance that in order to justify a denial of the plaintiff’s motion to discontinue a suit in equity, there must be some plain legal prejudice to the defendant other than the mere prospect of future litigation rendered possible by the dismissal; and unless there is an obvious violation of the fundamental rule of court the decision of a motion for leave to *35 discontinue will not be reviewed. In the case of Winans v. Winans (124 N. Y., 145) cases are cited which support the right to refuse leave whenever circumstances exist which afford a basis for the exercise of legal discretion, and in the matter of the petition of Butler (101 N. Y., 301) the court said:
“In such a case, through the control which the court exercises over the entry of its order, there is discretion to refuse; but where there are no such facts, and nothing appears to show a violation of the right or interest of the adverse party, the plaintiff may discontinue, and a refusal of leave becomes merely arbitrary and without anjr basis upon which discretion can exist.”
In Schmick v. Knoll (64 Texas, 409) it is said:
“The right to discontinue may be refused by the court if it will operate to the prejudice of the party as to whom the discontinuance is sought.”
And in Adderton v. Collier (32 Mo., 511) it is said:
“Leave to discontinue ordinarily is, and ought to be, given a plaintiff, but the giving or refusing it is a matter of practice resting in the discretion of the court. ”
In the case of Northwest Mutual Life Insurance v. Barbour (95 Ky., 7) it is held, in substance, that the plaintiff has a right to dismiss his action without prejudice at airy time before final submission.
In that case a motion was made by the plaintiff to dismiss the case, but before the motion was acted on bjr the court, the defendant tendered an amended answer and counterclaim.
In that case the record was stronger in favor of the defendant than in this proceeding, for the reason that the defendant had tendered an amended answer; but the court refused to allow it to be filed so as to permit the defendant to prosecute his claim against the plaintiff under a section of the civil code of Kentucky which provides that, although the plaintiff dismisses his action or fails to appear, the defendant is entitled to a trial on his set-off or counterclaim.
Conceding the most liberal view of the law in favor of the defendants, the decision of the motion is in the sound discretion of the court, and unless some right of the defendants is violated by the discontinuance of the cause the motion should be sustained. The general rule of law is that the discontinu- *36 anee of the proceeding- is in the power of the plaintiff, and unless some good and substantial reasons exist why that power should not be exercised,the court will permit a plaintiff to dismiss his case. What there is in the defense to the alleged cause of action the court is not advised except from the statement of the Assistant Attorn ej^-General that he may (dependent upon future investigation and development) find it necessary in the interest of the Government to file a plea of fraud and counterclaim. If any fraud has been committed against the rights of the defendants in connection with the contract alleged in the petition, or if any counterclaim exists in their favor against the plaintiff, the courts of the United States are open to them with adequate jurisdiction to deal with the subject-matter of any litigation which they may desire to institute against the plaintiff. There is no statute of limitation running against the United States which will bar proceedings against the company, in case the Assistant Attorney-General shall find upon examination that the rights of the Government have been violated by fraud or disregard by the nonpayment of a debt due from the company.
Applying the rule of law announced by the Supreme Court to the condition of the record and facts of this case, as announced in the case of Pullman's Car Company v. Transportation Company (supra), the court sustains the motion of plaintiff for leave to discontinue this suit, and, accordingly, the cause is hereby dismissed.