HowRy, J.,
delivered the opinion of the court:
Plaintiff obtained a judgment in this court June 11, 1906. Two days thereafter defendants made a motion for new trial and soon thereafter this motion of the defendants was allowed. Afterwards, March 5,190?, claimant, entered a motion to discontinue the cause, but almost contemporaneously (next day) defendants filed a counterclaim much in excess of the judgment which had been obtained by the claimant. March 7, 1907, the court overruled the claimant’s motion to discontinue. .
*37 The present motion on the part of the plaintiff is to set aside the order of the court overruling the previous motion of the plaintiff and to discontinue on the ground that no counterclaim had been filed by the Government at the time of the motion of plaintiff to discontinue. In support of the present motion it is contended that no possible harm can be done to the defendants, inasmuch as there is no statute of limitations against the United States and that the Government may proceed to collect whatever debt the plaintiff owes to it by suit in the appropriate court. Substantially, plaintiff’s contention is that he should be allowed to discontinue his action “ as a matter of right; ” and his whole argument is made to rest upon what is alleged to have been decided by this court in Atlantic Contracting Co. v. United States, 35 C. Cls. R., 30, and by the Supreme Court in Pullman's Palace Car Co. v. Central Transportation Co., 171 U. S., 138.
Section 1059 of the Eevised Statutes, and likewise the act of .March 3, 1887, entitled “An act to provide for the bringing of suits against the Government of the United States,” 1 Supp. Eev. Stat., 2d ed., 559, substantially provides: That in connection with the jurisdiction of this court of demands against the United States, such jurisdiction shall extend to all set-offs, counterclaims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the Government of the United States against any claimant.
Accordingly, when a claimant seeks the jurisdiction of this court for a judicial determination of his rights against the United States he subjects himself to the decision and determination of whatever claims the United States may have against him which may be properly pleaded by way of set-off, counterclaim, or claim for damages.
In Atlantic Constructing Co. v. United States, 35 C. Cls. R., 30, the court was only advised that the Government might find it necessary at some time in the future to file a plea of fraud and counterclaim. The statement of the law officer of the Government to the court was that his action might depend upon some future investigation and development. The court held that the decision of the motion to discontinue was *38 within its sound discretion, but directed the discontinuance for want of a showing that some right of the defendant was being violated.
The forms of pleading in the Court of Claims do not require the right to recover back moneys illegally paid to be set up as a counterclaim in an action brought by the party receiving them to recover further sums from the Government. Omissions to plead counterclaims are never fatal to the rendition of such judgment as the facts demand. Wisconsin Central Railroad v. United States, 164 U. S. R., 190.
In Pullman’s Palace Car Co. v. Central Transportation Co., 171 U. S., 138, the Supreme Court gathered from the authorities that a complainant in an equity suit might dismiss his bill at anji- time before the hearing, but to the general proposition the court said there were well-recognized exceptions. Thus, leave to dismiss a bill could not be granted where, beyond the incidental annoyance of a second litigation upon the subject matter, such action would be manifestly prejudicial to the defendant. The court then proceeded to state that the prejudice to defendant must be other than the mere prospect of future litigation rendered possible by the discontinuance, and concluded its observations by saying that unless there appeared an obvious violation of a fundamental rule or an abuse of the discretion of the court the decision of a motion for leave to discontinue could not be reviewed.
In the decision of the present case the court can not overlook the fact that the motion of the Government to set aside the judgment and to grant a new trial appears to have been based upon the ground that there was newly discovered evidence showing that the former judgment in plaintiff’s favor had been obtained upon false and fraudulent testimony. And though the actual counterclaim was not filed until the day after the motion to set aside the order of the court overruling plaintiff’s motion to discontinue, the defendants’ motion for new trial preceded plaintiff’s effort to discontinue, and there ivas testimony accompanying this motion of the Government tending to establish the alleged fraud in obtaining the original judgment, including the right of the Government not only to have the judgment set aside but to have a judgment for a larger amount entered against the *39 plaintiff. Practically, there was notice of the existence of the counterclaim. Under these circumstances it would not be just to the defendants to permit the plaintiff to discontinue his cause of action.
This is not a court designed to favor either party to any litigation in violation of any rule of law or principle of justice. It is designed for the citizen to obtain rights against the Government which in many cases the citizen can not obtain in any other jurisdiction. But when a party invokes the jurisdiction to obtain a money judgment against the United States he should know that if the Government has a counterclaim it is liable to be pleaded. For that matter, we may say incidentally, it ought to be pleaded as promptly as possible. With definite notice that a counterclaim actually exists, plaintiff ought to be held to meet the Government demand without being permitted to hurriedly get out of court and thereby evade the consequences of that' which he knows he should meet somewhere. It would be an abuse of the sound discretion of the court to permit discontinuance under such circumstances if the statute is to have its proper meaning and effect.
Motion denied.