Moss, Judge,
delivered the opinion of the court:
During the months of July, August, and September, 1917, plaintiff, Heid Brothers, delivered to the defendant under a contract dated June 20, 1917, 899.8 tons of coal at the price of $14 per ton, and on September 20, 1917, plaintiff was paid therefor the full contract price. Thereafter plaintiff was advised by letter from the War Department, dated September 30, 1918, that the quality of the coal furnished did not meet the standard of requirement provided in the contract, and plaintiff was requested to remit the sum of $1,250.72, as the difference in price between the coal furnished and that provided for in.the specifications. Plaintiff refused to comply with this request, and thereafter defendant deducted said sum from amounts due plaintiff under a contract for the delivery of alfalfa hay, and still retains same. This suit is for the recovery of said sum.
The contract herein provided that payment should be made within 30 days after the completion of an order, “ provided the coal is not subject to rejection.” The delivery of the coal in this case was completed sometime in the month of September, 1917, the exact date not disclosed, and full payment was made on September 20, 1917. The coal was consumed by the Government, and plaintiff received no intimation of any defect in the quality of same until September 30,1918, more than a year after the delivery and payment.
*91 Tbe specifications and proposal for furnishing this coal to the Government, made a part of the contract, contained the following provision: “ The contractor shall have the privilege of having a representative present to witness the collection and preparation of the samples to be forwarded to the laboratory.” The contract provided elaborate specifications for the collection and preparation of samples, twelve specific directions being set forth in detail. Plaintiff is suing for the balance due on the hay contract, amounting to $1,250.72, to which there is no defense. In seeking a recovery against plaintiff, the Government has the burden of establishing by proper and sufficient evidence its right of recovery, and it has failed to do so. Plaintiff was given no opportunity to have a representative present when the samples were collected and prepared, and no evidence was offered to prove that the samples used in the analysis were taken in accordance with the provisions of the contract. The coal was delivered and paid for, and was consumed by the Government, and the Government sustained no damage whatever by reason of the alleged slight deviation from the specifications in the ash content of the coal. Defendant’s claim is without merit. Its contention is inequitable and unfair, and plaintiff is entitled to recover, and it is so ordered.
Graham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.