Williams, Judge,
delivered the opinion of the court:
The plaintiff sues to recover the sum of $2,476.92, which it claims as an unpaid balance due on the contract price of 5,056.95 tons of bituminous coal delivered to the defendant under a formal written contract entered into between the plaintiff and the defendant, July 18, 1921, and the sum of *711 $131.80, deducted by the defendant from moneys due the plaintiff on another contract, making the total sum for which recovery is sought $2,608.72.
The contract provided that the coal should contain not less than 13,500 B. t. u., and not more than 51.70 per cent carbon, 10.50 per cent ash, 0.90 per cent sulphur, 37.25 per cent volatile matter, and 0.90 per cent moisture.
■ Payments for the coal were to be made on the basis of 90 per cent of the contract price at the time of delivery, and 10 per cent was retained to be paid when the report of an analysis of samples should be received from the Bureau of Mines. Samples were to be taken from each 500 tons or less delivered on any order. These samples were to be crushed, mixed, and reduced in quantity to a convenient size for transmittal to the Bureau of Mines at Pittsburgh, Pa.
The contract further provides that the samples taken shall be immediately forwarded to the Bureau of Mines and that the result of the analysis made by the bureau shall be reported to the post quartermaster not more than 15 days after the receipt of the sample, or if more than one sample was received from the same delivery, the 15 days to date from the receipt of the last sample taken.
During the delivery of the coal by the plaintiff, samples of the various shipments were taken and forwarded to the Bureau of Mines, Washington, D. C., and were later forwarded from Washington to Pittsburgh, where under the terms of the contract the analysis was to be made. The dates upon which the samples were obtained and the dates on which they were forwarded to the Bureau of Mines are not shown. It is shown, however, that the report of the Bureau of Mines as to the quality of coal of 26 cars delivered was made two months after the completion of the delivery, and of 12 cars of coal six months after the completion of the delivery, and of 23 cars seven months and eighteen days after the delivery had been completed.
On February 15,1923, seven and one-half months after the last delivery of the coal was made by the plaintiff under the contract, it received notice that a penalty deduction had been made on the basis of an analysis of the coal delivered, in the sum of $2,807.67. Prior to this time the plaintiff had *712 no information that samples of the coal had been taken, as it had not been notified and had not been given the opportunity of being present when the samples were taken.
It appears that the samples of coal upon which the analysis was made by the Bureau of Mines were not taken in the manner specified in the contract. They were not immediately forwarded to the Bureau of Mines after being taken, but in a good many instances were permitted to remain in the defendant’s possession, exposed to the weather, and subject to deterioration for a considerable time thereafter.
The Bureau of Mines did not make its report of the result of its analysis of the samples submitted within 15 days after the receipt of such samples, as it was required to do under the terms of the contract. It is also quite clear that the samples submitted were not prepared according to the standard method prescribed, and that such samples may not have been representative of the coal from which they were taken.
The facts in the case presented are identical with the facts before this court in Heid Brothers, Inc., v. United States, 65 C. Cls. 87. In that case the court held that under a state of facts exactly the same as those existing in the instant case a penalty deduction on the contract price of coal was not authorized.
The defendant contends in this case, however, that the plaintiff can not recover because its claim under the contract was adjudicated and determined by the Secretary of War, whose decision in the matter is final. That contention, however, is disposed of by the court (Finding X), that the Secretary of War did not review the findings of the board of officers who investigated and denied plaintiff’s claim for the payment of the balance due it, although he was requested by the plaintiff to do so. He never approved the findings of the claims board or took any action whatever in connection therewith.
The plaintiff is entitled to judgment for $2,476.92, being 10 per cent of the contract price of coal delivered which was withheld by the defendant at the time of delivery, and the further sum of $131.80 which the defendant wrongfully *713 deducted from moneys due the plaintiff on other contracts, making the total sum for which it is entitled to judgment of $2,608.72. It is so ordered.
LittletoN, Judge; GeeeN, Judge; Gkai-iam, Judge; and Booth, Chief Justice, concur.