LittletoN, Judge,
delivered the opinion:
The issues in this case relate to the unpaid balance due plaintiff and to the defendant’s counterclaim in which it asks judgment for an alleged overpayment of $7,073.58 on contracts numbered 18 and 52 under which plaintiff supplied and delivered certain coal.
Plaintiff fully performed its contract of June 18, 1926, and further furnished and delivered certain supplies under an accepted proposal of December 2, 1925, and became entitled to receive final payment therefor, and was paid the amounts provided in those contracts with the exception of $3,873.80.
The defendant through the General Accounting Office charged the amount of $3,817.24, being the overpayments made on contracts 18 and 52, against the balance due the plaintiff under the contracts for hay and oats. Under *243 the terms of the contracts, numbered 18 and 52, and the facts found, the defendant is clearly entitled to judgment upon its counterclaim for overpayments to the plaintiff on the coal contracts to the extent of $3,817.24. These contracts fixed the price to be paid for the coal on condition that it should meet the standard specified in the contracts, and that in the event the coal upon analysis should be found to be lacking in quality the price mentioned in the contracts should be reduced in the amount shown by the application of a formula provided in the contracts to the results shown by analysis of the coal by the Bureau of Mines. Samples of the coal were taken and analyzed by the Bureau, of Mines, which analysis showed that the coal did not meet the standard of quality called for. in the contracts, with the result that the aggregate prices mentioned in the contracts were reduced in the amount of $3,817.24. The Army finance officer, without making any deduction for deficiency in quality, paid plaintiff the entire contract prices.
Plaintiff relies upon Heid Bros., Inc., v. United States, 65 C. Cls. 87, in which the court denied defendant’s counterclaim, but the facts in this case distinguish it from the case mentioned. The court pointed out there that the Government had failed to sustain its counterclaim by proper and sufficient proof.
Plaintiff further complains that had the Government made complaint as to the quality of the coal in time the contractor might have proceeded against the producers from whom he acquired the coal; that when the complaint was made the statute of limitation of three years had barred his right to proceed against those from whom he purchased the coal for the deficiency in quality thereof. In view of the contracts, however, this can not prevent the right of the Government to insist upon a reduction in the price of the coal according to the quality furnished. Furthermore, the facts show that plaintiff was given written advice of the deficiency in the quality of the coal in August, 1923, and in October, 1925, which was well within the period of three years after the coal was delivered. Moreover, the contract, in paragraph 11 of the conditions and specifica *244 tions, provided that 10 per cent of the base contract price for such deliveries should be withheld in making payments to await the outcome of the analysis of the samples taken. For some reason not shown the disbursing officer did not do this. Plaintiff argues that the samples of coal were not properly taken. We are satisfied from a consideration of the evidence that the samples were taken in compliance with Bureau of Mines’ technical paper No. 133, and have so found.
It is well established that the Government may offset overpayments on one contract against amounts due on other contracts. Wisconsin Central R. R. Co. v. United States, 164 U. S. 190, 205; Grand Trunk Western Ry. Co. v. United States, 252 U. S. 112; Barry v. United States, 229 U. S. 47; Talcott v. United States, 23 Fed. (2d) 897, 901; Florida Central & Peninsula R. R. Co. v. United States, 43 C. Cls. 572, 581; Peabody et al. v. United States, 45 C. Cls. 532; Huske v. United States, 46 C. Cls. 35, 37.
In Peabody et al. v. United States, supra, this court had before it the question whether the Government was entitled to set-off an alleged overpayment on a contract for coal against an amount due under another contract, and the court said that “ The amount of the deduction was ascertained as provided by the contract and, under the law, was a proper subject of set-off against any claim in favor of the claimant.” The Supreme Court, in affirming the decision of this court under the title of Barry v. United States, supra, said that “ When that difference was ascertained, it was charged up and retained from money due under a later contract. The liability might have been asserted by the Government in an action; but it might, as it did, charge the difference as a set-off against its own liability. It would be folly to require the Government to pay under the one contract what it must eventually recover for a breach of the other.”
The defendant’s counterclaim is allowed for $3,817.24, being the difference between the amount paid plaintiff for the coal delivered and the amount which he should have been paid under the contracts upon the basis of the quality *245 of coal furnished. Tne counterclaim for the remainder of $3,246.34, alleged to represent an amount which should have been charged against plaintiff as adjustment for excessive freight charges, is denied. No proof was submitted in support of this item. Apparently it has been abandoned, since no reference was made to it in the brief.
Plaintiff has established that at the time the General Accounting Office offset the amount of $3,817.24, overpay-ments on the coal contracts, against the amount due under the other contracts, there was due the plaintiff and unpaid the amount of $3,901.39 under the contracts of June 18,1926, and December 2, 1925, for hay, oats, and straw. The certificate of the General Accounting Office, which is not competent proof of the correctness of the figures therein stated, showed only $3,844.83 as being due the plaintiff. The defendant has submitted no competent proof as to the correctness of this figure that controverts the evidence submitted by the plaintiff.
The defendant’s counterclaim is allowed for $3,817.24, and judgment in favor of plaintiff for the balance due of $56.56 will be entered. It is so ordered.
Whaley, Judge; Williams, Judge; Gkeen, Judge; and Booth, Chief Justice, concur.