## TEXAS EMPLOYERS' INS. ASS'N

v.

## PILLOW.

### No. 15513.

Court of Civil Appeals of Texas.
Fort Worth.

May 14, 1954.

Rehearing Denied June 11, 1954.

Cantey, Hanger, Johnson, Scarborough & Gooch, Ed Reichelt and Emory Cantey, Fort Worth, for appellant.

Peery, Wilson & Spell, Wichita Falls, for appellee.

RENFRO, Justice.

This is a workmen's compensation case. Judgment was rendered in favor of appellee, Bill Pillow, for total and permanent disability. Appellant, Texas Employers' Insurance Association, has appealed.

Appellee has filed a motion to dismiss the appeal on the ground the appeal bond was not timely filed. Appellant's amended motion for new trial was filed on October 23, 1953, and presented on the 30th of October. The order overruling the amended motion begins, "On this the 30 day of October, 1953, * * *." No other date is shown in the body of the order or elsewhere on the order. An appeal bond was filed with the clerk on December 7, 1953.

The appellee takes the position that the date of October 30, 1953, being stated in the order, it is conclusively shown to have been signed and rendered on that date. We find in the transcript, however, an instrument designated "Court's Bill of Exception No. 1," in which the trial court certifies that the amended motion for new trial was presented on October 30th and thereafter on the 12th of November, 1953, the order overruling the motion was signed by the court.

Rule 306a, Texas Rules of Civil Procedure, directs judgments, decisions and orders of any kind to be reduced to writing and signed by the trial judge and the date of signing stated therein, and further provides that in determining time within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge, and that this rule shall apply in determining the time within which to file an appeal bond.

Rule 356 provides that whenever bond for costs is required the bond shall be filed with the clerk within thirty days after the date of rendition of judgment or order overruling the motion for new trial.

Under provisions of Rule 316, mistakes in the record of any judgment or decree may be amended by the judge in open court, according to the truth or justice of the case, after notice of the application therefor has been given to the parties interested.

The judge certified in the bill of exception that same had been presented to counsel for both sides and found by them to be correct. There is no contention on the part of appellee that the order was not actually signed on November 12, 1953. There can be no question but that the trial judge could have corrected the original order by adding the true date on which it was signed. Alamo Casualty Co. v. Trafton, Tex.Civ.App., 228 S.W.2d 195.

The order in question does not conclusively show that it was signed on October 30th, there being no recitation that it was rendered and signed on said date.

We hold that the trial judge was authorized to show the actual date upon which the

order was signed. 25 Tex.Jur., p. 528. We overrule the motion to dismiss.

■ In its first two points of error, the appellant contends the court erred in submitting special issue No. 8, and the preamble thereto contained in special issue No. 5, for the reason that same constitutes a conditional submission of the defensive issue of temporary total disability, and in submitting special issue No. 9 and the preamble thereto contained in special issue No. 8, for the reason that the same constitutes a conditional submission of the issue of duration of temporary total disability.

Issue No. 5 reads: "Do you find from a preponderance of the evidence that the Plaintiff sustained any total disability following the injury, if any, inquired about in Special Issue No. 2?" Then the jury was informed that if they answered issue No. 5 "No," they need not answer issues Nos. 6, 7 and 8, but if No. 5 was answered "Yes," then answer Nos. 6, 7 and 8. Issue No. 6 inquired if the injury was a producing cause of the total disability, if any, sustained by the plaintiff. No. 7 inquired as to the beginning date of such total disability, and No. 8 reads: "Do you find from a preponderance of the evidence that such total disability, if any, inquired about in Special Issue No. 5, has been or will be permanent or has been or will be temporary?" Issue No. 9 required the jury, from a preponderance of the evidence, to find the duration of temporary total disability, if any, after having been instructed that if they answered issue No. 8 "Permanent," they need not answer No. 9, but if they answered issue No. 8 "Temporary," they should answer No. 9. Issues Nos. 5 and 6 were answered "Yes"; issue No. 7 was answered "Dec. 7, 1952"; and No. 8 was answered "Permanent."

In Texas Employers' Insurance Ass'n v. Foreman, Tex.Civ.App., 236 S.W.2d 824, the question raised by appellant therein was substantially the same as raised to the court's charge in this case. The Court of Civil Appeals held that the issues were properly submitted. In Foreman v. Texas Employers' Insurance Ass'n, 150 Tex. 468, 241 S.W.2d 977, the Supreme Court, in reversing the judgment of the Court of Civil Appeals on other grounds, expressly agreed with the opinion of the Court of Civil Appeals wherein it held that respondent was not deprived of the unconditional submission of issues as to partial incapacity and temporary incapacity.

This court in Texas Employers' Insurance Ass'n v. Tate, Tex.Civ.App., 214 S.W. 2d 877, 879, held in construing a similar set of issues: " * * * We can find no error in the fact that the issues of permanent and temporary disability were submitted disjunctively in the same question, nor can we find any error, either under the present rules or under any decision under the former statutes [preceding Rule 277], in submitting both inquiries conditionally on an affirmative answer to issue No. 5. * *"

Under the authority of the foregoing cases and Traders & General Ins. Co. v. Huntsman, Tex.Civ.App., 125 S.W.2d 431; Traders & General Ins. Co. v. Bradfute, Tex.Civ.App., 229 S.W.2d 891; Texas Employers' Insurance Ass'n v. Cooper, Tex. Civ.App., 194 S.W.2d 819; and Texas Employers' Insurance Ass'n v. Hodnett, Tex. Civ.App., 216 S.W.2d 301, we overrule the points of error.

■ Appellant's point No. 3 contends the court erred in submitting special issue No. 8 for the reason that it failed to place the burden of proof on the plaintiff to show that total disability was permanent. It is argued that the defendant was entitled to have the jury instructed, in the event the answer of "permanent" was not supported by a preponderance of the evidence, that the answer should be "temporary."

By Rule 277, the court is expressly authorized in a workmen's compensation case to submit in one issue whether the injured employee is permanently or only temporarily disabled. The issue did not have to be submitted both in the affirmative and in the negative. The plaintiff alleged that he was permanently disabled and, in the alternative, was temporarily disabled. We think the issue submitted placed the burden

upon him of showing that he was permanently disabled or temporarily disabled. Texas Employers' Insurance Ass'n v. Mallard, Tex.Civ.App., 192 S.W.2d 302; Texas Employers' Insurance Ass'n v. Henthorn, Tex.Civ.App., 240 S.W.2d 392.

The point of error is overruled.

■ Prior to the trial, appellee's deposition had been taken by the appellant. Over the objection of appellant, the appellee introduced said deposition in evidence at the beginning of the trial. To the action of the court in overruling his objection to the deposition, the appellant bases a point of error.

It is no ground for objection to the reading of the deposition that the witness is present in court and able to testify in person, and it is immaterial whether or not the witness has been placed on the stand and has testified. 15 Tex.Jur., p. 94, § 51; Schmick v. Noel, 64 Tex. 406; O'Connor v. Andrews, 81 Tex. 28, 16 S.W. 628; Casualty Reciprocal Exchange v. Dawson, Tex.Civ.App., 81 S.W.2d 284.

We overrule the point of error.

■ It is next contended that the court erred in overruling appellant's objection to appellee's testimony as being repetitious of the same testimony previously read to the jury from the plaintiff's deposition.

The plaintiff's testimony as elicited from the witness stand begins on page 33 of the statement of facts. We find no objection to his testifying in person, and in fact find only one objection, which appears on page 38. At that point the witness was asked, "Once you got to Wichita Falls what did you do?" After the witness had answered the question appellant's counsel said, "If the Court please, he is now going back over everything he has put on in the deposition, and we object to it as being repetitious. That is the reason why we didn't want the deposition read." The court overruled the objection, to which appellant excepted. No motion was made to strike the answer and no request or motion was made that the testimony be restricted to matters not contained in the deposition.

If the question asked was repetitious, the court should have sustained the objection. The extent of the examination of the witness being within the discretion of the trial court, however, we fail to see any reversible error on the part of the court in overruling the objection made to the one question.

The last point of error is based on the refusal of the trial court to grant a new trial on the ground of newly discovered evidence.

In support of the motion, the witness J. F. Scott, Personnel Director of McAlister Trucking Company, testified that a few days after the trial appellee applied to him for a job. At that time, according to the witness, appellee walked without a limp and did not use a cane. The witness testified that when appellee approached him "he asked me if I had any type job that he could do," and further that appellee told him he had not been injured in any manner. Appellant's attorney asked the witness, "Did he impress upon you the fact that he was ready, willing and able to go to work and wanted a job?" The witness answered "Yes."

Appellee was not employed by the witness. There was no evidence introduced that he had worked since the trial of the case.

■ In order to justify the trial court in granting a new trial on the ground of newly discovered evidence, the appellant must show that such evidence was discovered too late to present at the trial, that it was not due to lack of diligence on appellant's part, that the testimony was material and not merely cumulative, and that the evidence was so material it would, if admitted, probably bring about a different verdict on another trial. 31 Tex.Jur., p. 91, § 81.

It is undisputed that appellee was injured on the 7th of December, 1952. This fact

was admitted by the appellant in its answer to requests for admissions.

The testimony of appellee and his witnesses, including the doctor, amply supports the finding of total and permanent disability.

The appellant's doctor treated the appellee immediately after the injury and found an acute low back strain, with spasm of muscles in the lower part of the back and extreme pain in the low back and difficulty in getting around. Appellee was hospitalized under direction of appellant's doctor. On the trial of the case, appellant's doctor testified that he did not think appellee was faking as to his condition at the time of trial but that he was emotionally upset and would probably recover soon after the trial.

The fact that appellee, after the trial, asked the witness Scott if he had "any type of job he could do" is not conclusive that he was not totally and permanently disabled.

■ It is well settled that the fact that a worker is compelled to work by the spur of necessity after the injury is not conclusive on the issue of total and permanent disability. Texas Employers' Insurance Ass'n v. Mallard, Tex.Civ.App., 192 S.W. 2d 302; Davies v. Texas Employers' Insurance Ass'n, Tex.Com.App., 29 S.W.2d 987; Traders & General Insurance Co. v. Collins, Tex.Civ.App., 179 S.W.2d 525; Lott v. American Surety Co. of New York, Tex.Civ.App., 140 S.W.2d 928.

■ The "yes" answer to the question, "Did he impress upon you the fact that he was ready, willing and able to go to work and wanted a job," is a conclusion or impression of the witness, in that he did not state the words of the appellee. A new trial for newly discovered evidence will not be granted upon the conclusions and impressions of a witness.

■ In passing upon a motion for a new trial upon the ground of newly discovered evidence, the court will take into consideration the weight and the importance of the new evidence and its bearing and connection with the evidence received on the trial.

■ We are of the opinion the testimony offered on the motion for new trial would merely impeach the testimony given by appellee on the trial of the case, and as such does not afford grounds for a new trial. Miller v. Donald, Tex.Civ.App., 235 S.W.2d 201; Snow v. Harding, Tex.Civ.App., 180 S.W.2d 965; Safety Cas. Co. v. Bennett, Tex.Civ.App., 259 S.W.2d 596.

■ Whether motion for new trial on the ground of newly discovered evidence will be granted or refused is generally a matter addressed to the sound discretion of the trial court and the trial court's action will not be disturbed on appeal, absent an abuse of such discretion. Mitchell v. Bass, 26 Tex. 372; Williams v. Southern Life & Health Ins. Co., Tex.Civ.App., 208 S.W. 2d 574. The inquiry is "'* * * not whether, upon the evidence in the record, it apparently might have been proper to grant the application in a particular case, but whether the refusal of it has involved the violation of a clear legal right or a manifest abuse of judicial discretion.'" San Antonio Gas Co. v. Singleton, 24 Tex. Civ.App. 341, 59 S.W. 920, 922, error refused.

■ The probative force of newly discovered evidence and its probable effect upon the result of another trial, taken in connection with the evidence in the main case, were matters for the trial court. It is our belief that in deciding appellant's application for a new trial the court was authorized to conclude that the evidence offered would not likely produce a different result if introduced on another trial of the case. It was a matter within the sound discretion of the trial court. We are unable to say that this discretion was abused in the instant case.

The point of error is therefore overruled.

The judgment of the trial court is affirmed.