Euphemia **RICHEY** et al., Appellants,

v.

Mrs. Vivian **C. PEARCE** et vir, Appellees.

No. 3433.

Court of Civil Appeals of Texas.

Waco.

March 28, 1957.

William J. McKie, Corsicana, for appellants.

Roe, Ralston & McWilliams, Corsicana, for appellees.

HALE, Justice.

This action was brought to establish the common boundary line between two tracts of land. Trial without a jury resulted in judgment favorable to appellees. The appeal is predicated upon one point of error, as follows: "The trial court erred in refusing to grant appellants a new trial because of newly discovered evidence, such evidence being discovery of two large elm trees with wire connected thereto, as set out in paragraph 2 of Appellants' Motion for New Trial."

The evidence adduced upon the trial of the case shows that W. V. Mowlam, County Surveyor of Navarro County, made a survey in November, 1954, for the purpose of locating the boundary line in dispute. The judgment establishing the location of the true line follows the findings of surveyor Mowlam. On the hearing of appellants' motion for new trial, Euphemia Richey testified in substance that an agent of appellees refused her the right to go upon the premises of appellees prior to the time of trial, but that she went upon the premises without permission after the trial and discovered two elm trees with wire connected thereto, located some 20 or 30 feet north of the northeast corner of appellees' land as located by surveyor Mowlam. She also testified that if she had been allowed to do so, she would have made an effort to find the elm trees before the trial.

In the case of Texas Employers Insurance Ass'n v. Pillow, Tex.Civ.App., 268 S.W.2d 716, 720, (er. ref., n. r. e.) the court said: "In order to justify the trial court in granting a new trial on the ground of newly discovered evidence, the appellant must show that such evidence was discovered too late to present at the trial, that it was not due to lack of diligence on appellant's part, that the testimony was material and not merely cumulative, and that the evidence was so material it would, if admitted, probably bring about a different verdict on another trial. 31 Tex.Jur., p. 91, § 81."

■■ After a careful review of the record before us, we have concluded that the trial court did not err in refusing to grant appellants a new trial in this case on the ground of newly discovered evidence. We think reasonable minds might well differ in concluding from the evidence as a whole whether Euphemia Richey had or had not discovered the two elm trees too late to present evidence with respect thereto at the trial. Indeed, the trial court would have been warranted in finding that appellants' witness Mitchell identified these trees and testified as to their location on the trial. But, even though the evidence with reference to the two elm trees had been discovered too late to present the same at the trial, and even though the failure to discover the same was not due to a lack of diligence on the part of appellants, we cannot say that such evidence was so material that it would, if admitted on another trial, probably bring about a different verdict or judgment. As a matter of fact, since this case was tried before the court without a jury, and since the court overruled appellants' motion for new trial, we must assume the court found the so-called newly discovered evidence although it was duly considered, did not have the effect of changing the true boundary line as found by the surveyor Mowlam. In other words, appellants have in effect already had two trials of the case on its merits.

Therefore, appellants' point of error is overruled and the judgment appealed from is affirmed.