**Fred KITCHEN, Appellant,**

v.

**Barbara LEWIS, Appellee.**

**No. 6174.**

Court of Civil Appeals of Texas, El Paso.

May 19, 1971.

Rehearing Denied June 16, 1971.

Dudley, Highsmith & Skipworth, Robert A. Skipworth, El Paso, for appellant.

Paxson & Santiesteban, Robert E. Kennedy, Paul T. Caruthers, El Paso, for appellee.

## OPINION

RAMSEY, Chief Justice.

Barbara Lewis, Plaintiff-Appellee brought suit against Fred Kitchen, Defendant-Appellant, for injuries received resulting from a rear end collision. Based on a Jury verdict, judgment was entered for Plaintiff in the sum of $10,645.85. Defendant appeals. We affirm. The parties will be designated as in the trial Court.

Defendant's first point of error complains of the trial Court's refusal to grant a new trial on the grounds of newly discovered evidence. Both parties cite as controlling authority New Amsterdam Casualty Company v. Jordan, 359 S.W.2d 864 (Sup.Ct.1962). The law is well settled that four requirements must be met in order to warrant the granting of a new trial on this ground, namely:

(1) Discovery of the evidence by Appellant after the trial.

(2) The evidence could not have been discovered earlier by due diligence.

(3) That the evidence is not merely cumulative or impeaching.

(4) That it be so material, if believed, would probably bring about a different verdict or finding.

McDonald, Texas Civil Practice, V. 4, Sec. 18.16, pp. 1461–1465. Determination of the merits of such motion is largely in the discretion of the trial Court, and its action should not be disturbed on appeal except for abuse of discretion. Texas Employers Insurance Association v. Pillow, 268 S.W. 2d 716 (Ref. n. r. e.)

The newly discovered evidence in this case was additional information from the ex-husband of the Plaintiff. After the trial, he telephoned Defendant's counsel to advise him that his ex-wife had sustained more severe injuries in a prior accident than the Plaintiff had indicated by her testimony. He felt motivated to do so because he thought the Jury award was too much and that such award might affect his insurance rates. The trial Court had before it for consideration, the affidavits of Defendant's counsel as well as that of the ex-husband. The testimony of the ex-husband, the insurance adjuster who investigated the matter, the Defendant's counsel, the Plaintiff herself, and a fact

witness as to the Plaintiff's physical condition was heard. Some additional 59 pages of testimony was presented on the motion. We conclude that the trial Court was correct on its ruling and hold that no abuse of discretion is disclosed by the record.

■ Defendant's second point complains that the Court erred in submitting Special Issue 7 on following too closely. The complaint is of the insufficiency of the evidence. This issue involves a finding of a vital fact. Thus, though the assigned complaint is of the "insufficiency" of the evidence, such became a "no evidence" assignment of error, and for the purposes of this opinion, so considered. Calvert "No Evidence" and "Insufficient Evidence" Point of Error, 38 Tex.Law Rev. 361. In determining the "no evidence" point, it is the duty of this Court to consider only the evidence and the inferences favorable, and to disregard all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821 (Sup.Ct.1965).

■ The Defendant testified that he had pulled up to about 6 feet from Plaintiff's automobile and was traveling about 10 to 15 miles per hour. That just as he approached her car, the Plaintiff was stopped at a traffic signal. He did not stop because the traffic started moving forward and he started up too. He testified Plaintiff stopped abruptly. He put on his brakes but he couldn't stop fast enough to avoid hitting her. He did not leave any skid marks.

We conclude that there was evidence of probative force to justify submission of this issue and Defendant's point 2 is overruled.

■ Defendant's third point complains of error in the trial Court in entering judgment on insufficient evidence to support the Jury's finding on damages. The Jury awarded Plaintiff $5,000.00 for pain and suffering from August 19, 1968, to the date of the trial, and $4,000.00 for future pain and suffering.

"Insufficient evidence" points are sustained by the Appellate Courts when the record discloses that:

(1) The evidence when standing alone is factually too weak to support a vital fact; or,

(2) The finding of a vital fact is so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

38 Tex.Law Rev. 361. The Appellate Court must consider all the evidence. Garza v. Alviar, supra. Rule 440 Texas Rules of Civil Procedure authorizes this Court to determine the excessiveness of a verdict.

In addition to the award for pain and suffering, the Jury returned its verdict for $1,145.85 for accrued medical expenses and $500.00 for loss of wages until the time of the trial. Medical testimony was introduced from three doctors, one being a chiropractor and two orthopedic specialists. All of the medical witnesses found her physical complaints compatible with their objective and subjective findings and conclusions.

The medical prognosis for her future physical condition ranged from estimates of some residual pain intermittently for the remainder of her life; some treatment required for perhaps four to five years, to recovery within a period of six months. During approximately two years from the date of the accident, she had seen one doctor some 65 times, and another 23 times. Estimates of percentage permanent disability ranged from 5 to 10 percent to her body as a whole. Plaintiff testified as to her various physical complaints, principally affecting her neck and back. Her ability to work had been affected. Her physical activities had been somewhat curtailed. We conclude that there is ample evidence to sustain the Jury's verdict and Defendant's third point is overruled.

The judgment of the trial Court is affirmed.