Jesse L. VAN WINKLE and wife, Oneta L. Van Winkle, and James N. Letsos, Jr. and wife, Antoinette Letsos, Appellants,

v.

John C. JACKSON and wife, Helena R. Jackson, and Sam R. Emmite and wife, Christine Emmite, Appellees.

No. 16743.

Court of Appeals of Texas, San Antonio.

Dec. 30, 1982.

Rehearing Denied Feb. 2, 1983.

Lawrence A. Mann, Bob Hanna, Laredo, for appellees.

Mike Maloney, San Antonio, for appellants.

Before KLINGEMAN, BUTTS and CLARK, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a nonjury trial to determine appellant's claim of right to an easement (roadway) on appellees' land. The trial court denied Jesse L. Van Winkle and his wife, Oneta L. Van Winkle, and James N. Letsos, Jr., and his wife, Antoinette Letsos, appellants, a permanent easement across two separate tracts of land owned, respectively, by appellees, John C. Jackson and wife, Helena R. Jackson, and Sam R. Emmite and wife, Christine Emmite. The trial court further denied appellants an award of damages and a permanent injunction. We reverse and remand.

Appellants bring nine points of error contending: (point of error one) that appellants established an easement by implication as a matter of law; (point of error two) that it was against the great weight and preponderance of the evidence to find that appellants failed to establish an easement by prescription; (points of error three through eight) that evidence supported the finding of easements by estoppel, by implication and by necessity; and (point of error nine) that the trial court erred in denying appellants' amended motion for new trial premised on newly discovered evidence.

All of the tracts of land involved in the instant action are part of the La Moca Ranch Subdivision in Webb County which was subdivided by the Rio Grande Corporation in 1953. The evidence discloses that the Rio Grande Corporation conveyed the

tracts to the Texas Veterans Land Board (Board) in June, 1954, which subsequently conveyed the respective tracts to appellants and appellees, or their predecessors in title, in July 1954. The recorded subdivision plat was incorporated for all purposes into each conveyance. The recorded plat delineated dedicated easements along certain boundary lines, but did not include the disputed roadway. The existence of the roadway was indicated by an unrecorded plat which was certified by a civil engineer on November 16, 1953.

The following diagram, not to scale, depicts generally the location of the four ranches and the disputed roadway in the La Moca Ranch Subdivision.

Appellants' tracts are situated in such a manner that it is necessary to cross the appellees' land when using the subject roadway, called the "ranch road." Appellees obstructed the roadway in June, 1976, blocking the ingress and egress of appellants. Appellants then brought this suit asserting their right to use the roadway based upon an easement by prescription, by estoppel, by implication, or by necessity. The trial court determined there was no easement under any doctrine and denied all relief prayed for by appellants.

We first address the contentions concerning newly discovered evidence. In order to require the granting of a new trial on grounds of newly discovered evidence, it is essential that the moving party introduce admissible, competent evidence at the hearing on the motion for new trial showing: (1) the existence of newly discovered evidence; (2) that the moving party had no notice of the existence of such evidence prior to the time of trial; (3) that due diligence was exercised to procure the evidence prior to trial; (4) that the evidence is not merely cumulative and does not tend only to impeach; and (5) the evidence would probably produce a different result if a new trial were granted. *In re Y,* 516 S.W.2d 199, 206 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). In passing upon the motion, the trial court is to take into consideration the weight and importance of the new evidence and its bearing and connection with the evidence received at trial. *Texas Employers' Insurance Association v. Pillow,* 268 S.W.2d 716, 721 (Tex. Civ.App.—Fort Worth 1954, writ ref'd n.r. e.).

At the initiation of the instant litigation, appellants' counsel requested the Board to produce any documentation that would establish the roadway to be an easement over each tract it traversed. Appellants' counsel was referred by the Board to Jack Kaiser, the Board's former chief appraiser, who subsequently testified. However, not until twenty-five (25) days after entry of the judgment did appellants' counsel learn of two affidavits executed by appellees, or appellees' predecessors in title the same day in July, 1954 as the warranty deeds from the Board. The affidavits state, in pertinent part:

The above Map of Rio Grande Corporation subdivision reflects Easements along certain boundary line or lines of tracts as shown on the above mentioned Map, that have been dedicated by the Rio Grande Corporation for use as roadway for access to public road, as well as to tracts "A" and "B", as per Map of the Rio Grande Corporation subdivision, being for benefit of all persons owning any of the tracts forming a part of the La Moca Ranch, and I have executed contract to sell and purchase with the knowledge that *my*

*rights are subject to such Easement, as well as Easement for any roads in use that are not abandoned.* (emphasis added)

Based upon the recently discovered affidavits, appellants amended their motion for new trial. The Board "supported" the amended motion, stating, among other matters, "the necessity for an additional lawsuit to determine the Veterans Land Board's interest in the disputed road could be eliminated by a new trial with the Veterans Land Board as a party to the suit..." [as intervenor].

■ The affidavits were found after the trial in the Veterans Land Board files, and the copies would have been admissible at trial since they were properly authenticated by the signature and seal of the Commissioner of the General Land Office. Tex. Rev.Civ.Stat.Ann. art. 3720 (Vernon 1926). The evidence is not cumulative or impeaching since the record is devoid of any reference to the existence or contents of the affidavits. The materiality of the evidence is apparent upon a comparison of the contents of the affidavits, *supra,* and the trial court's Conclusions of Law, which state, in pertinent part:

> 3. The plaintiffs claim under deeds which created certain dedicated easements for access to the lands of the said plaintiffs. Under these circumstances, as a matter of law, there can be no easement by implication.

The trial court clearly relied *solely* on the express easements as delineated in the warranty deeds when making its determination as to an implied easement. The elements required for an implied easement are: (1) unity of ownership of the alleged dominant and servient estates;[1] (2) the use of the easement must have been apparent at the time of the grant; (3) the use of the easement until the time of the grant must have been continuous and so conspicuous as to indicate permanence, and (4) the easement must be reasonably necessary to the fair and enjoyable use of the dominant estate.

*Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196, 207–208 (Tex.1963). As to the element of reasonable necessity, the feasibility of an alternate means of ingress or egress is not determinative. *Teich v. Haby,* 408 S.W.2d 562, 566 (Tex.Civ.App.—San Antonio 1966, writ ref'd n.r.e.).

■ The evidence contained in the newly discovered affidavits tends to prove a new and distinct fact which directly relates to whether an express or implied easement existed. Where the newly discovered evidence creates any doubt of the justice of the judgment, it is an abuse of discretion for a trial court to deny a new trial. *Mitchell v. Bass,* 26 Tex. 372, 373 (1862). We find the trial court abused its discretion in denying appellants' motion for new trial and sustain point of error nine. We do overrule, however, on the basis of factually sufficient evidence, appellants' points of error which challenge the trial court's judgment regarding the existence of an easement by necessity, prescription or estoppel.

The judgment of the trial court is reversed in part and remanded to determine whether or not there was an express or implied easement.

---

1. Appellants do not raise the issue, and we do not here determine, whether unity of title existed under the Texas Veterans Land Board as well as the Rio Grande Corporation.