John C. JACKSON et al., Petitioners,

v.

Jesse L. VAN WINKLE et al.,
Respondents.

No. C–1971.

Supreme Court of Texas.

Nov. 16, 1983.

Rehearing Denied Dec. 31, 1983.

Mann, Freed, Trevino & Hale, Bob Hanna, Mann, Dickinson & Saldana, Lawrence A. Mann, Laredo, for petitioners.

Law Office of Pat Maloney, Mike Maloney, San Antonio, Person, Whitworth, Ramos, Borchers & Morales, Donato D. Ramos, Laredo, for respondents.

WALLACE, Justice.

This is a suit to impress an easement for a roadway across ranch property. The trial court denied the easement. The court of appeals reversed and remanded the cause to the trial court. 645 S.W.2d 591. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

All parties to the suit are owners of tracts of land which were part of the La Moca Ranch Subdivision in Webb County, Texas. The property was subdivided by Rio Grande Corporation in 1953 and conveyed to the Veterans Land Board (Board). Each of the parties are successors in title to the Board. Jesse L. Van Winkle, et ux (Van Winkle) owns tracts 73 and 76; James L. Letsos, et ux (Letsos) owns tract 75; John C. Jackson, et ux (Jackson) owns tract 68; and Sam R. Emmite, et ux (Emmite) owns tract 72. Van Winkle and Letsos were plaintiffs and Jackson and Emmite were defendants below.

The easement in question consists of a roadway referred to as the Ranch Road which meanders through the tracts owned by Jackson, Emmite, Letsos and Van Winkle. Following a bench trial the trial court rendered judgment denying an easement. Van Winkle and Letsos filed a Motion for New Trial 20 days after the date of the judgment.[1] Six days later they filed an Amended Motion for New Trial based on newly discovered evidence. Twenty-eight days after judgment the trial court overruled the Motion for New Trial and the Amended Motion for New Trial. The issue before us is whether the trial court abused its discretion in overruling the Amended Motion for New Trial.

We will first consider whether the trial court's action in overruling the motion was subject to review. Whether a late filed motion for new trial will be considered is within the discretion of the trial court. *Independent Life Insurance Co. of America v. Work*, 124 Tex. 281, 77 S.W.2d 1036 (1934). The trial court loses plenary jurisdiction 30 days after judgment in the absence of a timely filed motion for new trial, so any action taken after the expiration of 30 days from judgment would be a nullity. TEX.R. CIV.P. Rule 329b. In this case the trial judge signed the order overruling the motions within the 30 day period. The order recited that the motions were considered and the court was of the opinion that they should be overruled. The order indicates that the merits of the motion were considered by the trial court. Had it been the intention of the court to overrule the motions because of late filing it would likely have so indicated in the order. Furthermore, the trial court overruled the motions only two days after the amended motion was filed and just two days before the expiration of the 30 day period during which the court had plenary jurisdiction. Such action evidences an understanding on the part of the trial court that its actions would be reviewable on appeal. Having considered the merits of the Motion for New Trial and the Amended Motion for

---

1. This cause was tried prior to the change in Rule 329b. At the time of trial a motion for new trial was required to be filed within ten days from the date the judgment was rendered.

New Trial the trial court's action is subject to review under the abuse of discretion criteria.

We now consider the question of whether the trial court abused its discretion in over-ruling the Amended Motion for New Trial which was based on newly discovered evidence.

The newly discovered evidence consisted of affidavits executed at the time of purchase of their respective tracts from the Board by Holly Field, the predecessor in title to Jackson, and Emmite. The portions of those affidavits pertinent to this case were:

> The above Map of Rio Grande Corporation Subdivision reflects Easements along certain boundary line or lines of tracts as shown on the above mentioned Map, that have been dedicated by the Rio Grande Corporation for use as a roadway for access to public road, as well as to Tracts "A" and "B", as per Map of the Rio Grande Corporation Subdivision, being for benefit of all persons owning any of the Tracts forming a part of the La Moca Ranch, and *I have executed Contract of Sale and Purchase with the knowledge that my rights are subject to such Easement, as well as Easement for any roads in use that are not abandoned.* (Emphasis added).

Additionally, the attorney for Van Winkle and Letsos filed an affidavit which stated in pertinent part:

> In preparing for this case, I contacted the Veterans Land Board regarding evidence which would indicate that the platted easements were not the only exclusive easements to the La Moca Subdivision and that the established roadway was an easement burdening each tract over which it traversed. The Veterans Land Board referred me to a Mr. Jack Kyzer who testified at the trial of this cause. Mr. Kyzer produced a number of documents that were offered at the trial of this cause excepting Exhibits B and C which are attached hereto and which were not discovered by the Veterans Land Board until last week.

I received Exhibits A, B and C attached to the amended motion for new trial, on December 9, 1980, some twentyfive (25) days after this honorable court signed the judgment, and it is for this reason that Plaintiff's counsel is filing this amended motion for new trial at this late date.

/s/ Donato D. Ramos
DONATO D. RAMOS

It is incumbent upon a party who seeks a new trial on the ground of newly discovered evidence to satisfy the court first, that the evidence has come to his knowledge since the trial; second, that it was not owing to the want of due diligence that it did not come sooner; third, that it is not cumulative; fourth, that it is so material that it would probably produce a different result if a new trial were granted. *New Amsterdam Casualty Co. v. Jordan*, 359 S.W.2d 864 (Tex.1962); *Texas Employers Insurance Association v. Moser*, 152 S.W.2d 390, 395 (Tex.Civ.App.—San Antonio 1941, writ ref'd); *In Re Y*, 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). Whether a motion for new trial on the ground of newly discovered evidence will be granted or refused is generally a matter addressed to the sound discretion of the trial court and the trial court's action will not be disturbed on appeal absent an abuse of such discretion. *Mitchell v. Bass*, 26 Tex. 372 (1862). In passing on a motion for new trial on the ground of newly discovered evidence, the court will take into consideration the weight and the importance of the new evidence and its bearing in connection with the evidence received at trial. *Texas Employers Insurance Association v. Pillow*, 268 S.W.2d 716, 721 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n.r.e.). "The inquiry [is] not whether, upon the evidence in the record, it apparently might have been proper to grant the application in the particular case, but whether the refusal of it has involved the violation of a clear legal right or a manifest abuse of judicial discretion." *San Antonio Gas Co. v. Singleton*, 59 S.W. 920, 922 (Tex.Civ.App.1900, writ ref'd). Every reasonable presumption will be made

on review in favor of orders of the trial court refusing new trials. *Hartford Accident and Indemnity Co. v. Gladney,* 335 S.W.2d 792, 795 (Tex.Civ.App.—Waco 1960, writ ref'd n.r.e.). Review of a trial court's action under the abuse of discretion criteria is a question of law.

One essential element which Van Winkle and Letsos were required to prove in order to be entitled to a new trial was that they were diligent in attempting to secure the affidavits in possession of the Board before trial. The affidavit of Mr. Ramos shows that he merely contacted the Board regarding evidence to prove his case. The Board referred him to Mr. Kyzer, a former employee, who produced a number of documents and who testified at trial. There is no showing that Mr. Ramos or anyone from his office even attempted to search the Board records. There was no showing whether the affidavits were taken as a matter of Board policy from all who purchased land from the Board, or whether they were used only for the La Moca Ranch. If such affidavits were restricted to the La Moca Ranch, then surely a like affidavit was executed by Letsos who was a direct purchaser from the Board. It would have been within the trial court's discretion to deny the Amended Motion for New Trial because of a lack of diligence in discovering the affidavits prior to trial.

As set out above, the affidavits which were proffered as newly discovered evidence state: "I have executed Contract of Sale and Purchase with the knowledge that my rights are subject to such Easement, (meaning the dedicated easements referred to in the affidavits) as well as Easement for any roads in use that are not abandoned." A reasonable interpretation of that affidavit is that the Board required the purchaser to execute the affidavit in order to protect the Board from any future claim by the purchaser in the event his title to some roadway across the property was questioned by a third party. Van Winkle and Letsos contend that the affidavit was intended to constitute an acknowledgement by the purchasers of an easement to any third party along any road then in existence across their property. It was the duty of the trial court to take this affidavit into consideration and to weigh its importance along with the other evidence in the case to determine if it would probably produce a different result if a new trial were granted. The court of appeals erred in holding that an abuse of discretion was shown.

We note that the court of appeals erred in citing *Mitchell v. Bass, supra,* for the proposition that where any newly discovered evidence creates any doubt of the justice of the judgment it is an abuse of discretion for the trial court to deny a new trial. The holding of *Mitchell v. Bass,* was that where there can be any doubt of the justice of the verdict, to refuse a new trial when the party has *really* discovered new evidence *of a conclusive tendency,* would be against justice and precedent. (Emphasis added).

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.