11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Trudy Russ

Appellant

Vs.                   No.
11-01-00050BCV  B Appeal from Dallas County

William H. Daniel, Individually;

Max A. Daniel, Jr., Individually;

and William H. Daniel and Max A. Daniel, Jr.,

Partners and d/b/a
University Annex

Appellees

 

Trudy Russ
filed suit against William H. Daniel and Max A. Daniel, Jr., individually and
as partners d/b/a University Annex (Daniel), Godo and Godo, Inc., individually
and d/b/a Avon Cleaners, Avon Cleaners and Pat Godo, individually.  Russ claimed that she slipped and fell while
working for Avon Cleaners, a dry cleaning business located in a shopping center
owned by Daniel.  According to Russ,
Avon Cleaners had leaks in its roof that caused a concrete ramp to be
slippery.  Russ slipped while walking on
the concrete ramp.  Russ reached a
settlement with Avon Cleaners and Pat Godo, the owner of Avon Cleaners; and her
claims against them were dismissed. 
Only her claim against Daniel remained. 
This is an appeal from a summary judgment for Daniel.








To recover
damages in a slip-and-fall case, a plaintiff must prove that the owner of the
property had actual or constructive knowledge of some condition on the
premises, that the condition posed an unreasonable risk of harm, that the
defendant did not exercise reasonable care to reduce or eliminate the risk, and
that the defendant=s
failure to use such care proximately caused plaintiff=s injuries. Wal-Mart Stores, Inc. v.
Gonzalez, 968 S.W.2d 934 (Tex.1998). 
Over a year after Russ filed suit, Daniel filed a two-part motion for
summary judgment: (1) a traditional motion under TEX.R.CIV.P. 166a(c), claiming
that Avon Cleaners had contractually assumed the duty to maintain the roof; and
(2) a no-evidence motion under TEX.R.CIV.P. 166a(i), claiming that there was no
evidence that (a) Daniel had actual or constructive notice of a dangerous
condition which posed an unreasonable risk of harm and (b) there was a
condition that involved an unreasonable risk of harm. Russ did not file a
response to the motion for summary judgment.

  Daniel=s motion for summary judgment was to be heard on September 13,
2000.  That morning, Russ=s counsel and Daniel=s counsel signed a written agreement that
complied with TEX.R.CIV.P. 11, canceling the September 13 hearing.  Daniel=s counsel agreed not to reschedule the hearing before October 13; and,
in exchange for the extension of time, Russ=s counsel agreed not to object to a rescheduled hearing Aon the basis that Plaintiff [had] not had
adequate opportunity to conduct discovery.@  The rehearing was rescheduled
and held on October 13.

Russ
states her one issue as follows:

DID THE TRIAL COURT ERR IN GRANTING DANIEL=S MOTION FOR SUMMARY JUDGMENT and/DENYING
RUSS=S MOTION FOR NEW TRIAL?

 

a. Did the
Trial Court abuse its discretion in continuing to enforce an unenforceable Rule
11 agreement in both Motions?

 

b. Did the
Trial Court Abuse its Discretion in failing to grant a Motion for New Trial
when Pat Godo=s Affidavit was presented, creating genuine
issues of material fact?

 

Russ
argues that the trial court abused its discretion in enforcing the Rule 11
agreement because it was never filed. 
The Rule 11 agreement was not made in open court; therefore, to be
enforceable, the agreement had to (1) be in writing, (2) be signed by both
counsel, and (3) be filed with the papers as part of the record.  Rule 11. 
The Afiling@ requirement is met as long as the agreement is filed before a party
seeks to enforce it.  Padilla v.
LaFrance, 907 S.W.2d 454, 461 (Tex.1995). 
The record reflects that the agreement was filed before Daniel sought to
enforce it.  Russ filed the Rule 11
agreement as an exhibit to her motion to continue the October 13 hearing on
Daniel=s motion for summary judgment; thus, the
agreement was filed Awith
the papers as part of the record.@  The Rule 11 agreement was
enforceable.

Russ
claims that the trial court erred in failing to grant her motion for new trial
based on newly-discovered evidence.  A
party seeking a new trial based upon a claim of newly-discovered evidence must
demonstrate:

(1) that the evidence has come to her
knowledge since trial;

 

(2) that it was not owing to the want of due
diligence that the newly-discovered evidence was not discovered sooner;

 

(3) that the newly-discovered evidence is not
cumulative; and








(4) that the evidence is so material that it
would probably produce a different result if a new trial were granted.

 

Jackson
v. Van Winkle, 660 S.W.2d 807, 809 (Tex.1983).

The Anewly-discovered evidence@ produced by Russ was an affidavit by Pat
Godo that she was not responsible for the common area of the premises where
Russ fell.  Russ did not demonstrate
that she had exercised diligence in trying to obtain the new evidence before
the summary judgment hearing.  Jackson
v. Van Winkle, supra at 810.  Moreover,
Godo=s affidavit did not provide evidence that
Daniel had actual or constructive notice of a dangerous condition which posed
an unreasonable risk of harm.  The trial
court did not err in denying Russ=s motion for new trial.

In her brief and at oral argument, Russ=s counsel argued that Daniel=s trial counsel fraudulently induced her to enter the Rule 11 agreement
by agreeing that he would make Daniel available for depositions before October
13.  The purpose of the requirements for
a valid Rule 11 agreement is to avoid misunderstandings and controversies that
flow from verbal agreements.  Padilla v.
LaFrance, supra at 460.  Any such
agreement by trial counsel should have been included in the Rule 11 agreement.          

With her motion to continue the October 13 hearing until she had an
opportunity to take  Daniel=s depositions, Russ attached an affidavit of
Yolando Williams, who heard the two attorneys on September 13 agree to October
4 for the depositions of Russ and Daniel. 
Daniel=s counsel who signed the Rule 11 agreement
left the law firm representing Daniel shortly after September 13.  Russ attempted to take Daniel=s deposition by agreement after October
4.  She did not notice their
depositions. The trial court denied Russ=s motion for continuance and granted Daniel=s motion for summary judgment.  The implicit premise of Russ=s argument on appeal appears to be that the
trial court abused its discretion in failing to grant a continuance of the
summary judgment hearing.  Although we
find that the trial court did not abuse its discretion, Daniel=s request for sanctions is denied.  The sole issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

April 11, 2002                                                               TERRY
McCALL

Do not publish.  See TEX.R.APP.P. 47.3(b).                 JUSTICE

Panel consists of: Arnot,
C.J., and 

McCall, J., and McCloud,
S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.