NO. 07-01-0285-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 12, 2002

_____

IN THE INTEREST OF D.R.P.

AND T.W.P., CHILDREN

_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 9593; HONORABLE RON ENNS, JUDGE

_____

BEFORE BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Sharon Parson appeals from a judgment rendered based upon a jury verdict involuntarily terminating her parental rights to her two children, D.R.P. and T.W.P. Presenting four issues, Parson contends (1) the trial court erred in denying her motion for new trial and in failing to grant an evidentiary hearing with a court reporter to consider her motion, (2) there was insufficient evidence to support a finding that termination of the parent-child relationship was in the children's best interest, (3) there was insufficient evidence to support a finding that

Parson knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children, and (4) there was insufficient evidence to support a finding that Parson engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children.[1]  Based upon the rationale expressed herein, we affirm.

Parson gave birth to D.P. in June 1995, and T.P. was born three years later.  When Parson became addicted to cocaine in the summer of 1999, she was charged with a misdemeanor and reports of child neglect were made to authorities, including the Texas Department of Protective and Regulatory Services (the Department), who validated several allegations of parental neglect.  In October 1999, the Department discovered that Parson's plumbing was not working, the toilet was broken and waste was being disposed of on the floor in a small bucket, the heat was not working, and found Parson's home to be hazardous to the health and safety of her children.  Parson also acknowledged that on various occasions, she left the children home alone.

The Department filed its original petition for termination in October 1999, and in December 1999, filed a Family Service Plan which, among other things, set goals that Parson should (1) stop criminal acts and stay out of jail, (2) participate in supervised visitation every

---

[1]By supplemental brief, Parson elaborates on her arguments in support of issues one and three.

Monday, (3) seek employment to support her children, (4) participate in an eleven week parenting class, (5) obtain a psychological evaluation, (6) locate and maintain appropriate housing, and (7) participate in random urine analysis. One month following receipt of the plan, Parson was charged with forgery of a check and the children remained in foster care. In May 2000, Parson agreed to enter a Restitution Center in Beaumont. When Parson was released from the center in December 2000, she returned to Dalhart for a short time. However, in January 2001, she went back to Beaumont. Except for telephone conversations, until the time of trial in April 2001, Parson did not initiate contact with the children while they remained in foster care.

After the Department filed its fourth amended petition, the trial court signed interlocutory orders terminating the parent-child relationship between the children and their father, Dennis Love, and another individual named Alfred Vigil, Jr. Jury trial commenced on April 23, 2001, as to Parson's parental rights. Upon conclusion of the evidence, without any objections to the charge, the trial court submitted appropriate and separate questions to the jury as to whether

- Parson knowingly placed or knowingly allowed D.P. or T.P. to remain in conditions or surroundings which endangered their physical or emotional well-being;
- Parson had engaged in conduct or knowingly placed D.P. and T.P. with persons who engaged in conduct which endangered their physical or emotional well-being;
- Parson constructively abandoned D.P. and T.P., with appropriate instructions; or

3

- Parson failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of her children.

By its charge, the trial court also instructed the jury that the evidence must also demonstrate by clear and convincing evidence that termination of the parent-child relationship would be in the best interest of the children, and provided the jury with nine factors they could consider in addition to other factors. Based upon the jury's answer that the parent-child relationship between Parson and her children should be terminated, the trial court signed its order terminating Parson's parental rights on April 27, 2001.

By her first issue, Parson contends the trial court erred in denying her motion for new trial and by failing to grant an evidentiary hearing with a court reporter present to consider the newly discovered evidence presented in her motion for new trial. We disagree. To prevail on this issue, Parson was required to demonstrate by affidavit:

(1) that the evidence had come to her knowledge since the time of trial or so late in the trial that it was impossible to present the evidence before the trial closed;

(2) that it was not because of a lack of due diligence that the evidence did not come sooner;

(3) that the evidence is not cumulative or impeaching; and

(4) that the evidence is so material that it would probably produce a different result in a new trial.

See Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983); see also In Re Thoma, 873 S.W.2d 477, 512 (Tex.Rev.Trib. 1994).

4

Parson's motion for new trial was based on the affidavit of her attorney and an affiant named Jennifer King. According to the affidavit of the attorney, he was not present when the alleged newly discovered evidence was obtained, but otherwise swore that the facts in the motion for new trial were correct. As relevant here, the affidavit of Jennifer King states in part:

> On April 27, 2001, I spoke with Jolie Trujillo, a juror in the above-referenced cause regarding the jury deliberations, facts and evidence presented at said case. Also present at that time was Mary Olivarez, a teacher for the Head Start Program at the Dalhart Elementary School. In the course of my conversation with Jolie Trujillo and Mary Olivarez, Ms. Olivarez stated that Stacey Przilas, a witness at this trial, had misrepresented that facts regarding [D.P.]. Ms. Olivarez also stated that Ms. Przilas not only placed [D.P.] in the "time out" room when he would become angry and unmanageable, but also closed the door and shut out the lights, leaving [D.P.] alone in a pitch black room.

Jennifer King's affidavit is insufficient to support a motion for new trial because the alleged statement of Ms. Olivarez referenced therein is nothing more than a report of an unsworn statement made by Ms. Olivarez and does not state that the statements were true and within the affiant's personal knowledge. *See* Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994). Also, the alleged "strong basis for impeachment" argument presented in the motion is not controlling because the third element discussed in *Thoma*, 873 S.W.2d at 512, prohibits consideration of newly discovered evidence for purposes of impeachment. Moreover, because the conduct of Ms. Przilas, who was a witness at trial, was not an issue to be determined by the jury, the fourth element of materiality in *Thoma* is not met. Finally, we also

5

notice that the alleged newly discovered evidence of placing D.P. in the "time out room" applied to him only and not to his brother T.P. Accordingly, issue one is overruled.

Before considering Parson's remaining issues, we first review the applicable law and standard of review. The natural right existing between parents and their children is one of constitutional dimension. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings must be strictly scrutinized. In Interest of G.M., 596 S.W.2d 846, 846 (Tex. 1980). A termination decree is complete, final, irrevocable, and divests for all time that natural right as well as all legal rights, privileges, duties, and powers with respect to each other except for the child's right to inherit. *Holick*, 685 S.W.2d at 20. In proceedings to terminate the parent-child relationship brought under section 161.001 of the Family Code, the petitioner must establish one or more acts or omissions enumerated under subsection (1) of the statute, and must additionally prove under subsection (2) that termination of the parent-child relationship is in the best interest of the child. Tex. Fam. Code Ann. § 161.001 (Vernon Pamph. Supp. 2002). *Both elements must be established*, and proof of one element does not relieve the petitioner of the burden of proving the other. *See* Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976). (Emphasis in original).

Termination of parental rights is of such weight and gravity; thus, due process requires the petitioner to justify termination by clear and convincing evidence. Tex. Fam. Code Ann. § 161.001 (Vernon Pamph. Supp. 2002); *In Interest of G.M.*, 596 S.W.2d at 847. This standard is defined as that measure or degree of proof which will produce in the mind of the

6

trier of fact a firm belief or conviction as to the truth or the allegations sought to be established. *In Interest of G.M.*, 596 S.W.2d at 847. Although the clear and convincing burden of proof required at the trial level is well settled, appellate courts have struggled to reconcile this burden of proof with the standard for appellate review of the sufficiency of evidence. As this Court has previously noted, the clear and convincing standard does not alter the rules generally applicable when appellate courts review factual findings. In Interest of R.D.S., 902 S.W.2d 714, 716 (Tex.App.--Amarillo 1995, no writ). Further, as the trier of fact, it was the function of the jury to weigh the evidence, draw inferences from the facts, and choose between conflicting inferences. Ramo, Inc. v. English, 500 S.W.2d 461, 467 (Tex. 1973). In reviewing a challenge to the factual sufficiency of the evidence, we must consider, weigh, and examine all of the evidence of record. Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). An appellate court should only set aside a finding if the evidence which supports the finding is so weak as to be clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

By her second issue, Parson contends the evidence was insufficient to support a finding that termination of the parent-child relationship was in the best interest of the children. We disagree. Although the term "best interest of the child" is not defined in section 161.001, in connection with that question, the trial court instructed the jury that among other factors, they could consider (1) the desire of the children; (2) the emotional and physical needs of the children now and in the future; (3) the emotional and physical danger to the children now and in the future; (4) the parenting ability of the individuals seeking custody; (5) the programs

7

available to assist those individuals to promote the best interest of the children; (6) the plans for the children of those individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *See Holley*, 544 S.W.2d at 371-72. Questions that inquire about a parent's actions, omissions, or conduct are generally demonstrated by direct or objective evidence. Although a determination of the "best interest" may also be based on direct or objective evidence, *i.e.*, physical abuse, beatings, starvation, and the like, the "best interest" factors are not always subject to being shown by direct evidence. Instead, a "best interest" determination may also be based on circumstantial evidence, subjective factors, and the totality of the evidence as a whole. In Interest of S.H.A., 728 S.W.2d 73, 86 (Tex.App.–Dallas 1987, writ ref'd n.r.e.).

By her argument, Parson focuses on the absence of psychological or medical testimony directed to the "best interest" question. However, she overlooks her addiction to cocaine and that she acknowledged leaving the children home alone on numerous occasions. She testified that she used drugs in the home and on occasion, left the children with persons whom she knew used drugs. Further, she testified that she had failed to keep the children's immunizations current, and by her fact statement, she acknowledged that the Department validated several allegations of parental neglect against her. Considering the record as a whole, we conclude the evidence which supports the jury finding is not so weak as to be clearly wrong and manifestly unjust, and is sufficient to support a finding that termination of

8

the parent-child relationship between Parson and her children, D.P. and T.P., is in the best interest of the children. Issue two is overruled.

By her third and fourth issues, Parson challenges the factual sufficiency of the evidence to support the jury's finding that she knowingly placed or allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being, or to support a finding that she engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their physical or emotional well-being. However, because Parson does not challenge the sufficiency of the evidence to establish the remaining two grounds submitted in the charge, *i.e.*, constructive abandonment of the children or her failure to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of her children, *see* §161.001 (1)(N) or (O), the jury's answer to the broad form question submitted without objection will be upheld if any of the grounds for termination support it. In Interest of D.L.N., 958 S.W.2d 934, 937 (Tex.App.--Waco 1997, pet. denied). Having overruled issue two on the basis that termination of the parent-child relationship was in the best interest of the children, our consideration of issues three and four is pretermitted.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

9