Opinion issued October 31, 2002





 








 


 

 

In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00715-CV






EVANGELINA MUNOZ, INDIVIDUALLY AND AS NEXT FRIEND OF
GILLERMO CASTANEDA AND STEPHANIE ANN CASTANEDA,
MINOR CHILDREN, Appellant


V.


BENITO SOLIS, Appellee






On Appeal from the 239th District Court

Brazoria County, Texas

Trial Court Cause No. 2834JG97 






O P I N I O N


 Appellant, Evangelina Munoz, individually and as next friend of Gillermo
Castaneda and Stephanie Ann Castaneda, appeals the trial court's judgment after a
bench trial. In two points of error, appellant contends the trial court erred by voiding
a quitclaim deed and by not granting her a new trial based on newly discovered
evidence. We affirm.

Background Facts and Procedural History

 On January 27, 1992, appellant, Evangelina Munoz, agreed to sell appellee,
Benito Solis, a lot located in Alvin, Texas (the "Alvin Property") for a total purchase
price of $15,000.00. The property in question lies between appellant's house and the
house occupied by appellee. On or about March 31, 1993, upon final payment of the
purchase price, appellant executed a quitclaim deed (the "March quitclaim deed") for
the Alvin property to appellee. The next day, appellee recorded the quitclaim deed
in the real property records of Brazoria County.

 Approximately two months later, the parties allegedly entered into an oral
contract by which appellant agreed to loan appellee $7,500 - $9,000. (1) This was a cash
transaction and nothing was signed by either party. As security for the alleged oral
contract, appellant claims appellee signed a quitclaim deed (the "June quitclaim
deed") that would reconvey the Alvin Property back to appellant if appellee failed to
repay the loan within one year. Appellee contends that he never received any money
from appellant, and that he never agreed to the alleged oral contract.

 On April 10, 1995, almost two years later, appellant filed the June quitclaim
deed in the Brazoria County real property records. She then executed a warranty deed
conveying title to the Alvin Property to Guillermo Castaneda and Stephanie Ann
Castaneda. These proceedings were initiated to determine the true owner of the
property.

 After hearing the evidence on both sides, the court made the following relevant
findings of fact and conclusions of law:


 Appellee paid appellant full and adequate consideration for the
real property described in a quitclaim deed dated March 31, 1993,
from Evangelina Munoz to Benito Solis. . . ;



 2. There is no money due from appellee to appellant for the purchase
of the real property described in the March, 1993, quitclaim deed;



 The quitclaim deed from appellee to appellant, dated June 1,
1993, . . . was executed by appellee;


 

 4. There was no consideration for the June 1993 quitclaim deed;


 5. The June, 1993, quitclaim deed is void and of no force or effect; 



 There is no money due from appellee to appellant as a result of any loan
by appellant to appellee secured by the real property described in the
June, 1993, quitclaim deed.


 

Lack of Consideration

 In appellant's first point of error, she asserts the trial court erred by holding the
June quitclaim deed void for lack of consideration because appellee never pled lack
of consideration as an affirmative defense, and the evidence is insufficient to support
the trial court's finding of lack of consideration.

 A defendant who attempts to rely on an affirmative defense must specifically
plead that defense. Tex. R. Civ. P. 94. As appellant points out, lack of consideration
is an affirmative defense that must be pled. Tex. R. Civ. P. 94; see Schindler v. Marr
& Associates, 695 S.W.2d 699, 705 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd
n.r.e.). 

 However, "when issues not raised by the pleadings are tried by express or
implied consent of the parties, they shall be treated in all respects as if they had been
raised in the pleadings." Tex. R. Civ. P. 67; see Sage Street Assoc. v. Northdale
Const. Co., 863 S.W.2d 438, 445 (Tex. 1993) (holding affirmative defense of
ambiguity was tried by consent because party failed to object). Trial by consent is
intended to cover the exceptional case where it clearly appears from the record as a
whole that the parties tried the unpled issue. RE/MAX, Inc. v. Katar Corp., 961
S.W.2d 324, 328 (Tex. App.--Houston [1st Dist.] 1997, pet. denied); Stephanz v.
Laird, 846 S.W.2d 895, 901 (Tex. App.--Houston [1st Dist.] 1993, writ denied). To
determine whether the issue was tried by consent, we must examine the record not for
evidence of the issue, but rather for evidence of trial of the issue. Katar Corp., 961
S.W.2d at 328.

 In this case, lack of consideration was a hotly contested issue throughout the
bench trial. Both sides introduced conflicting evidence regarding the issue of lack of 
consideration. During appellant's case-in-chief, she testified that she loaned appellee
money in exchange for the June quitclaim deed. However, appellee testified on a
number of occasions that he never received any money from appellant, and appellant
did not object to the testimony on the basis of lack of pleadings. We conclude that
the issue of lack of consideration was tried by consent.

 In a bench trial, the trial judge, as finder of fact, is the sole judge of the
credibility of the witnesses. Southwestern Bell Media, Inc. v. Lyles, 825 S.W.2d 488,
493 (Tex. App.--Houston [1st Dist.] 1992, writ denied). The judge may take into
consideration all the facts and surrounding circumstances in connection with the
testimony of each witness and accept or reject any or all of that testimony. Id. Here,
the trial judge heard the testimony of both appellant and appellee, and chose to
believe appellee. The evidence was sufficient to support the trial judge's finding that
there was no consideration for the June 1993 quitclaim deed.

 We overrule appellant's first point of error.

Newly Discovered Evidence

 In her second point of error, appellant complains the trial court erred by not
granting her a new trial based on newly discovered evidence. The "newly discovered
evidence" was a receipt that allegedly proved the existence of the loan between the
parties. According to appellant, she found the receipt in a box of old papers inside
a building next to her house.

 The decision to grant a motion for new trial based on newly discovered
evidence is a matter addressed to the sound discretion of the trial court, and the trial
court's ruling will not be disturbed on appeal absent an abuse of discretion. Jackson
v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983); Summers v. Welltech, Inc., 935
S.W.2d 228, 233 (Tex. App.--Houston [1st Dist.] 1996, no writ). 

 A party seeking a new trial in a civil case on grounds of newly discovered
evidence must show the court: (1) that the evidence came to the party's knowledge
after the trial; (2) that the failure to produce the evidence at trial was not the result of
a lack of due diligence; (3) that the evidence is not cumulative; and (4) that the
evidence is so material that it would probably produce a different result if a new trial
were ordered. Van Winkle, 660 S.W.2d at 809; Summers, 935 S.W.2d at 233. 

 Appellant's original petition was filed on October 30, 1997, more than two
years before trial. According to her own testimony, appellant found the receipt in a
box where she kept old documents and receipts. The building where the receipt was
found had been vacant for several years and it was located right next door to
appellant's house. Appellant had access to the vacant building.

 The trial court could have reasonably concluded that appellant knew about the
receipt before trial, and she failed to use the diligence to find the receipt before trial. 
Therefore, the trial court did not abuse its discretion when it overruled appellant's
motion for new trial.

 We overrule appellant's second point of error.

Conclusion

 We affirm the trial court's judgment.




 Margaret Garner Mirabal

 Justice


Panel consists of Justices Mirabal, Nuchia, and Price. (2)

Do not publish. Tex. R. App. P. 47.4.
1. The exact amount of the loan changed several times throughout trial.
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.