

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00001-CV

## IN THE MATTER OF THE MARRIAGE OF
## GLEN MILFORD WARREN
## AND
## MARY SUE FORD WARREN

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. D200705819

## MEMORANDUM  OPINION

Glenn Milford Warren appeals from a judgment granting Mary Sue Ford's motion for a no-evidence summary judgment finding that there was no evidence of the existence of a common-law marriage between them. Warren complains that the trial court erred in granting the motion because more than a scintilla of evidence of the informal marriage existed and that the trial court abused its discretion in denying his motion for new trial. Because we find no error, we affirm the judgment of the trial court.

*Informal Marriage*

The existence of an informal marriage, commonly referred to as a "common-law marriage," may be proved by evidence that (1) the man and woman agreed to be married; (2) after the agreement they lived together in this state as husband and wife; and (3) represented to others that they were married. Tex. Fam. Code Ann. § 2.401(a)(2) (Vernon 2006). Warren filed a petition for divorce in July of 2007 alleging that he and Ford were informally married in 1990 and that they ceased to live together in April of 2007. In the petition, Warren also sought damages and set forth other causes of action.

Ford filed a no-evidence motion for summary judgment seeking a finding that Warren could produce no evidence of each of the three elements in order to establish an informal marriage. Warren did not file a response, but on the day of the hearing sought and received permission to have the controverting affidavits he filed that day to be considered by the trial court. After a hearing, the trial court granted Ford's motion and entered a judgment that there was no informal marriage and dismissing all of Warren's claims against Ford.

*No-Evidence Summary Judgment*

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence

that raises a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

Like a review of a traditional summary judgment motion, when reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). Additionally, also like traditional motions, we review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded fact-finders to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable fact-finders could, and we disregard evidence contrary to the nonmovant unless reasonable fact-finders could not. *Timpte Indus., Inc.*, 286 S.W.3d at 310 (*quoting Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)).

If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). More than a scintilla of evidence exists when the evidence as a whole rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 51 (Tex. 2003).

If a motion brought solely under subsection (i) has evidence attached, that evidence should not be considered unless it creates a fact question. *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004). Ford attached evidence to her motion, including deposition testimony of Warren and documentary evidence. However, we find that the evidence attached did not create a fact question relating to the third element of an informal marriage, and therefore we will consider only the evidence provided by Warren.

*"Holding Out"*

One contention in Ford's motion for no-evidence summary judgment contended that there was no evidence of the third element of informal marriage, that Warren and Ford represented to others in Texas that they were married. This element is also described as "holding out to the public." *Eris v. Phares*, 39 S.W.3d 708, 714-15 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Warren testified in his affidavit controverting the no-evidence motion for summary judgment, "Upon our agreement to become husband and wife in a common law marriage…" He also stated, "After our agreement to be married, we continued to live together as husband and wife, and we represented to others that we were indeed married to each other." He further contends that two witnesses will testify that he and Ford held themselves out in public as husband and wife. An affidavit from a close friend of Warren's was attached that stated that he believed them to be husband and wife. Warren also relies on an insurance policy in his name that lists Ford as his wife and her credit report which he contends lists Ford's debts using Warren's last name.

We find that the element of "holding out" requires more than occasional references to each other as "wife" and "husband." *Flores v. Flores*, 847 S.W.2d 648, 653 (Tex. App.—Waco 1993, writ denied); *see also Ex parte Threet*, 160 Tex. 482, 485-86, 333 S.W.2d 361, 363-64 (1960) (no evidence of holding out where woman introduced man as her husband to two or three friends, told a few others that she was married, and wore wedding band given to her by man); *Danna v. Danna*, No. 05-05-00472-CV, 2006 Tex. App. LEXIS 2368, 2006 WL 785621, at *1 (Tex. App.—Dallas March 29, 2006, no pet.) (mem. op.) ("[I]solated references to each other as husband and wife alone do not establish a holding out[.]"). However, a "couple's reputation in the community as being married is a significant factor in determining the holding out element." *Danna*, 2006 Tex. App. LEXIS 2368, 2006 WL 785621, at *1 &*2 (Evidence of four occasions on which wife or her alleged husband introduced each other as husband or wife as well as an AARP enrollment form that showed her as man's wife that the alleged husband admitted signing insufficient to raise fact issue on element of holding out.).

We do not believe that Warren adduced evidence of "holding out" sufficient to raise a genuine fact issue. First, the insurance policy that listed Ford as wife was effective from July of 2007 through 2008, and while it indicated that the policy was taken out in 1999, there was no evidence that Ford was listed as spouse from that time until July of 2007 nor is there any evidence that Ford caused those representations to be made or was even aware of them. Ford's credit report refers to Warren as "spouse or co-applicant" and lists "Mary S. Warren" and "Marry S. Warren" in the personal information section of the report only and does not include any information as to

whether debts were incurred in those names or whether the correct identity was even listed.

The third element of informal marriage requires both parties to have represented themselves to be married. *See* TEX. FAM. CODE ANN. § 2.401(a)(2). We also note that there was no evidence that anyone in the community ever saw or knew of those representations on the insurance policy or the credit report. *Smith v. Deneve*, 285 S.W.3d 904, 910 (Tex. App.—Dallas 2009, no pet.). Warren adduced no evidence as to whether the occasions where Ford and he held themselves out as husband and wife were common or rare. Further, Warren adduced no evidence that he and Ford had any reputation in the community for being married outside of his friend's affidavit that does not indicate who believed they were husband and wife or how many persons were included in that allegation. We hold that it would be no more than mere surmise for us to infer from Warren's evidence that he and Ford sufficiently held themselves out to the community as married to satisfy the third element of section 2.401(a)(2). TEX. FAM. CODE ANN. § 2.401(a)(2).

We conclude that Warren provided no more than a mere scintilla of evidence of the essential element of "holding out." Because Warren did not provide evidence of one element of the three required to establish an informal marriage, we find that the trial court did not err by granting Ford's no-evidence motion for summary judgment.

Warren also argues, almost in passing, that this Court must remand the claims not addressed in the summary judgment motion. However, he does not cite to the record or otherwise note what he contends those claims are or how the granting of the

motion for summary judgment on the issue of the informal marriage does not dispose of those claims. To the extent that Warren is complaining of the dismissal of all of his claims other than the finding denying the existence of an informal marriage, those complaints have been inadequately briefed and therefore present nothing for our review. *See* TEX. R. APP. P. 38.1(h). We overrule issue one.

### *Motion for New Trial*

Warren complains that the trial court erred by failing to grant his motion for new trial based on newly discovered evidence and because the evidence was legally and factually insufficient to support the trial court's judgment. Because we have determined that the trial court did not err in granting the no-evidence motion for summary judgment by deciding that the evidence presented to the trial court was no more than a mere scintilla of evidence, we find that a legal and factual sufficiency review is unnecessary.

### *Newly Discovered Evidence*

Warren complains that the trial court abused its discretion by failing to grant his motion for new trial based on newly discovered evidence. Warren had unsuccessfully attempted to subpoena a copy of Ford's credit report in September of 2009. He then sought a court order to have the report released to him, which the trial court granted and signed on October 23, after the summary judgment hearing but before the trial court's entry of judgment; therefore he contends that the evidence that was contained in the report constituted newly discovered evidence. We disagree.

The decision to grant or deny a motion for new trial based on newly discovered evidence rests largely in the discretion of the trial court. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983), *overruled in part on other grounds by Moritz v. Preiss*, 121 S.W.3d 715, 720-21 (Tex. 2003). The party moving for a new trial based on newly discovered evidence must demonstrate the following: (1) that the evidence has come to light since the time of trial; (2) that it was not because of a lack of due diligence that the information was not discovered sooner; (3) that the new evidence is not merely cumulative or for the purpose of impeachment; and (4) that the evidence is so material that it would probably produce a different result in a new trial. *Id*. at 809; *New Amsterdam Cas. Co. v. Jordan*, 359 S.W.2d 864, 866 (Tex. 1962).

After reviewing the record, we find that Warren has not demonstrated the factors required to grant a new trial based upon newly discovered evidence. The first set of subpoenas were not requested until early September of 2009, more than two years after Warren filed his petition for divorce and less than two months before the date of trial. These allegations should have been discovered through the use of due diligence prior to that time. *See Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 132 (Tex. App.—Waco 2005, pet. denied). Additionally, the information received which Warren attached to his motion for new trial was merely cumulative of the report attached to the no-evidence summary judgment motion. Consequently, we hold that the trial court did not abuse its discretion in denying Warren's motion for new trial.[1] We overrule issue two.

---

[1] In his prayer for relief to this Court, Warren seeks a reversal of the judgment relating to other causes of action; however, while he raised those complaints in his motion for new trial, he did not raise them in his

*Conclusion*

We find that the trial court did not err by granting Ford's no-evidence motion for summary judgment. Additionally, the trial court did not abuse its discretion in denying Warren's motion for new trial. We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed October 27, 2010
[CV06]

---

brief to this Court regarding the denial of the motion for new trial. Consequently, we do not address them and those complaints are waived. *See* TEX. R. APP. P. 38.1(h).