IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00001-CV

 

In the
Matter of the Marriage of

Glen
Milford Warren

and

Mary Sue
Ford Warren

 

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. D200705819

 



MEMORANDUM  Opinion










 

            Glenn Milford Warren appeals from a
judgment granting Mary Sue Ford’s motion for a no-evidence summary judgment
finding that there was no evidence of the existence of a common-law marriage
between them.  Warren complains that the trial court erred in granting the
motion because more than a scintilla of evidence of the informal marriage
existed and that the trial court abused its discretion in denying his motion
for new trial.  Because we find no error, we affirm the judgment of the trial
court.




Informal Marriage

            The existence of an informal marriage,
commonly referred to as a “common-law marriage,” may be proved by evidence that
(1) the man and woman agreed to be married; (2) after the agreement they lived
together in this state as husband and wife; and (3) represented to others that
they were married.  Tex. Fam. Code Ann.
§ 2.401(a)(2) (Vernon 2006).  Warren filed a petition for divorce in July of
2007 alleging that he and Ford were informally married in 1990 and that they
ceased to live together in April of 2007.  In the petition, Warren also sought
damages and set forth other causes of action.

            Ford filed a no-evidence motion for
summary judgment seeking a finding that Warren could produce no evidence of
each of the three elements in order to establish an informal marriage.  Warren did not file a response, but on the day of the hearing sought and received
permission to have the controverting affidavits he filed that day to be
considered by the trial court.  After a hearing, the trial court granted Ford’s
motion and entered a judgment that there was no informal marriage and
dismissing all of Warren’s claims against Ford.

No-Evidence Summary Judgment

After an adequate time for discovery, the party
without the burden of proof may, without presenting evidence, move for summary judgment
on the ground that there is no evidence to support an essential element of the
nonmovant's claim or defense.  Tex. R.
Civ. P. 166a(i).  The motion must specifically state the elements for
which there is no evidence.  Id.; Timpte Indus., Inc. v. Gish,
286 S.W.3d 306, 310 (Tex. 2009).  The trial court must grant the motion unless
the nonmovant produces summary judgment evidence that raises a genuine issue of
material fact.  See Tex. R. Civ.
P. 166a(i); Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008).

Like a review of a traditional summary judgment
motion, when reviewing a no-evidence summary judgment, we examine the entire
record in the light most favorable to the nonmovant, indulging every reasonable
inference and resolving any doubts against the motion.  Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006).  Additionally, also like traditional
motions, we review a no-evidence summary judgment for evidence that would
enable reasonable and fair-minded fact-finders to differ in their conclusions. 
 Hamilton, 249 S.W.3d at 426 (citing City of Keller, 168 S.W.3d
802, 822 (Tex. 2005)).  We credit evidence favorable to the nonmovant if
reasonable fact-finders could, and we disregard evidence contrary to the
nonmovant unless reasonable fact-finders could not.  Timpte Indus., Inc.,
286 S.W.3d at 310 (quoting Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572,
582 (Tex. 2006)).  

If the nonmovant brings forward more than a
scintilla of probative evidence that raises a genuine issue of material fact,
then a no-evidence summary judgment is not proper.  Smith v. O'Donnell,
288 S.W.3d 417, 424 (Tex. 2009).  More than a scintilla of evidence exists when
the evidence as a whole rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.  Merrell Dow Pharms.,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  Less than a scintilla of
evidence exists when the evidence is so weak as to do no more than create a
mere surmise or suspicion.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742,
51 (Tex. 2003).  

If a motion brought solely under subsection (i)
has evidence attached, that evidence should not be considered unless it creates
a fact question.  Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004).  Ford attached evidence to her motion, including deposition testimony of Warren and documentary evidence.  However, we find that the evidence attached did not
create a fact question relating to the third element of an informal marriage,
and therefore we will consider only the evidence provided by Warren.

“Holding Out”

One contention in Ford’s motion for no-evidence
summary judgment contended that there was no evidence of the third element of
informal marriage, that Warren and Ford represented to others in Texas that they were married.  This element is also described as “holding out to the
public.”  Eris v. Phares, 39 S.W.3d 708, 714-15 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  Warren testified in his affidavit controverting
the no-evidence motion for summary judgment, “Upon our agreement to become husband
and wife in a common law marriage…”  He also stated, “After our agreement to be
married, we continued to live together as husband and wife, and we represented
to others that we were indeed married to each other.”  He further contends that
two witnesses will testify that he and Ford held themselves out in public as
husband and wife.  An affidavit from a close friend of Warren’s was attached
that stated that he believed them to be husband and wife.  Warren also relies
on an insurance policy in his name that lists Ford as his wife and her credit
report which he contends lists Ford’s debts using Warren’s last name.

We find that the element of “holding out” requires more than
occasional references to each other as “wife” and “husband.”  Flores v.
Flores, 847 S.W.2d 648, 653 (Tex. App.—Waco 1993, writ denied); see also
Ex parte Threet, 160 Tex. 482, 485-86, 333 S.W.2d 361, 363-64 (1960) (no
evidence of holding out where woman introduced man as her husband to two or
three friends, told a few others that she was married, and wore wedding band
given to her by man); Danna v. Danna, No. 05-05-00472-CV, 2006 Tex. App.
LEXIS 2368, 2006 WL 785621, at *1 (Tex. App.—Dallas March 29, 2006, no pet.)
(mem. op.) (“[I]solated references to each other as husband and wife alone do
not establish a holding out[.]”).  However, a “couple’s reputation in the
community as being married is a significant factor in determining the holding
out element.”  Danna, 2006 Tex. App. LEXIS 2368, 2006 WL 785621, at *1
&*2 (Evidence of four occasions on which wife or her alleged husband
introduced each other as husband or wife as well as an AARP enrollment form
that showed her as man’s wife that the alleged husband admitted signing
insufficient to raise fact issue on element of holding out.).  

We do not believe that Warren adduced evidence of
“holding out” sufficient to raise a genuine fact issue.  First, the insurance
policy that listed Ford as wife was effective from July of 2007 through 2008,
and while it indicated that the policy was taken out in 1999, there was no
evidence that Ford was listed as spouse from that time until July of 2007 nor
is there any evidence that Ford caused those representations to be made or was
even aware of them.  Ford’s credit report refers to Warren as “spouse or co-applicant”
and lists “Mary S. Warren” and “Marry S. Warren” in the personal information
section of the report only and does not include any information as to whether
debts were incurred in those names or whether the correct identity was even
listed.  

The third element of informal marriage requires
both parties to have represented themselves to be married.  See Tex. Fam. Code Ann. § 2.401(a)(2).  We
also note that there was no evidence that anyone in the community ever saw or
knew of those representations on the insurance policy or the credit report.  Smith
v. Deneve, 285 S.W.3d 904, 910 (Tex. App.—Dallas 2009, no pet.).  Warren adduced no evidence as to whether the occasions where Ford and he held themselves
out as husband and wife were common or rare.  Further, Warren adduced no
evidence that he and Ford had any reputation in the community for being married
outside of his friend’s affidavit that does not indicate who believed they were
husband and wife or how many persons were included in that allegation.  We hold
that it would be no more than mere surmise for us to infer from Warren’s evidence that he and Ford sufficiently held themselves out to the community as
married to satisfy the third element of section 2.401(a)(2).  Tex. Fam. Code Ann. § 2.401(a)(2).  

We conclude that Warren provided no more than a
mere scintilla of evidence of the essential element of “holding out.”  Because Warren did not provide evidence of one element of the three required to establish an
informal marriage, we find that the trial court did not err by granting Ford’s
no-evidence motion for summary judgment.

Warren also
argues, almost in passing, that this Court must remand the claims not addressed
in the summary judgment motion.  However, he does not cite to the record or
otherwise note what he contends those claims are or how the granting of the
motion for summary judgment on the issue of the informal marriage does not
dispose of those claims.  To the extent that Warren is complaining of the
dismissal of all of his claims other than the finding denying the existence of
an informal marriage, those complaints have been inadequately briefed and
therefore present nothing for our review.  See Tex. R. App. P. 38.1(h).  We overrule issue one.

Motion for New Trial

            Warren complains that the trial court
erred by failing to grant his motion for new trial based on newly discovered
evidence and because the evidence was legally and factually insufficient to
support the trial court’s judgment.  Because we have determined that the trial
court did not err in granting the no-evidence motion for summary judgment by
deciding that the evidence presented to the trial court was no more than a mere
scintilla of evidence, we find that a legal and factual sufficiency review is
unnecessary.

Newly Discovered Evidence

            Warren complains that the trial court
abused its discretion by failing to grant his motion for new trial based on
newly discovered evidence.  Warren had unsuccessfully attempted to subpoena a
copy of Ford’s credit report in September of 2009.  He then sought a court
order to have the report released to him, which the trial court granted and
signed on October 23, after the summary judgment hearing but before the trial
court’s entry of judgment; therefore he contends that the evidence that was
contained in the report constituted newly discovered evidence.  We disagree.

The decision to grant or deny a motion for new
trial based on newly discovered evidence rests largely in the discretion of the
trial court.  Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983), overruled in part on other grounds by Moritz v. Preiss, 121 S.W.3d 715,
720-21 (Tex. 2003).  The party moving for a new trial based on newly discovered
evidence must demonstrate the following: (1) that the evidence has come to
light since the time of trial; (2) that it was not because of a lack of due
diligence that the information was not discovered sooner; (3) that the new
evidence is not merely cumulative or for the purpose of impeachment; and (4)
that the evidence is so material that it would probably produce a different
result in a new trial.  Id. at 809; New Amsterdam Cas. Co. v. Jordan, 359 S.W.2d 864, 866 (Tex. 1962).

After reviewing the record, we find that Warren has not demonstrated the factors required to grant a new trial based upon newly
discovered evidence.  The first set of subpoenas were not requested until early
September of 2009, more than two years after Warren filed his petition for
divorce and less than two months before the date of trial.  These allegations
should have been discovered through the use of due diligence prior to that
time.  See Ski River Dev., Inc. v. McCalla, 167 S.W.3d 121, 132 (Tex.
App.—Waco 2005, pet. denied).  Additionally, the information received which Warren attached to his motion for new trial was merely cumulative of the report attached
to the no-evidence summary judgment motion.  Consequently, we hold that the
trial court did not abuse its discretion in denying Warren’s motion for new
trial.[1]  We
overrule issue two.

Conclusion

            We find that the trial court did not
err by granting Ford’s no-evidence motion for summary judgment.  Additionally,
the trial court did not abuse its discretion in denying Warren’s motion for new
trial.  We affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed October 27, 2010

[CV06]









[1]
In his prayer for relief to this Court, Warren seeks a reversal of the judgment
relating to other causes of action; however, while he raised those complaints
in his motion for new trial, he did not raise them in his brief to this Court
regarding the denial of the motion for new trial.  Consequently, we do not
address them and those complaints are waived.  See Tex. R. App. P. 38.1(h).  








>                [1] The Penal Code describes
causation in the following terms:  “A person is criminally responsible if the
result would not have occurred but for his conduct, operating either alone or
concurrently with another cause, unless the concurrent cause was clearly
sufficient to produce the result and the conduct of the actor clearly
insufficient.”  Tex. Penal Code Ann.
§ 6.04(a) (Vernon 2003).  “An accused may be exonerated under the statute
only if his conduct alone was clearly insufficient to produce the result and
the concurrent cause clearly sufficient, operating alone, to do so.”  Felder
v. State, 848 S.W.2d 85, 90 n.1 (Tex. Crim. App. 1992) (quoting Branch
v. State, 774 S.W.2d 781, 784-85 (Tex. App.—El Paso 1989, pet. ref’d)); see
McFarland v. State, 928 S.W.2d 482, 516 (Tex. Crim. App. 1996).  “[I]t is a
jury, not a reviewing court, that accepts or rejects reasonably equal competing
theories of causation.”  Zuniga v. State, 144 S.W.3d 477, 481 (Tex.
Crim. App. 2004), overruled in part on other grounds, Watson v. State, 204
S.W.3d 404, 415 (Tex. Crim. App. 2006) (Zuniga quoting Goodman v.
State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001)).